STANLY, W. A., Associate Judge.
This appeal is from judgment of the trial court, following jury verdict, in favor of defendants below.
The controversy involved a rear-end collision of automobiles wherein unexpected brake failure was urged on behalf of the offending driver to overcome the presumption of negligence arising from crashing into the rear of a lawfully stopped car resulting in damage for which recovery was being sought.
Appellants were the plaintiffs below, and appellees were defendants below, and for convenience such parties will be referred to as they stood in the trial court.
All' vehicles involved had been driving north on U. S. Highway No. 1, in the city of West Palm Beach, Florida, in the inside or center lane immediately preceding the accident in question. Plaintiff wife was seated in the driver’s seat of plaintiff husband’s automobile that had lawfully stopped in obedience to a traffic control light at intersecting streets. Another automobile was likewise lawfully stopped behind plaintiffs’ automobile. The driver of defendants’ car approached such intersection and line of stopped traffic at speed of about 3-5 miles per hour, and for a block away had observed the red traffic light and forward cars coming to stop. When within two or three car lengths short of the rear car in aforementioned line of stagnant traffic she applied her brake pedal. Such driver testified that the brakes grabbed momentarily and then the brake pedal went to the floor and she suddenly discovered that the brakes had become inoperative. The traffic lanes to either side of her traveling lane were occupied with traffic so she made no effort to turn out into such other lanes for escape routes, and in the short time intervening and her excitement, did not attempt to use the hand brake before the car she was driving struck the rear end of the vehicle immediately in front of her, forcing it into the forward car being operated by plaintiff wife. She also stated her trip originated more than one mile distant from the impact, and during the course thereof had used her brakes to make at least two stops for traffic controls without experiencing any brake difficulty.
A witness, Edwards, who was a passenger in still another car that was momentarily stopped in an adjacent curb lane of traffic headed north and awaiting change of the traffic light, testified that he first observed defendants’ car approaching about 50 feet prior to impact when its front end dipped down as though brakes were applied, then rose up moving forward and again dipped down about a foot before actual impact, after which her front bumper went under the rear bumper of the car immediately ahead.
The accident occurred on March 16, 1960. On behalf of defendants there was testimony showing that the brakes had been reconditioned less than one year prior to the accident, had been thereafter checked over *902 at regular intervals, and on January 4, 1960, had been checked for proper fluid level and adjusted to proper operating condition; and that the brakes had operated efficiently up to the moment of failure preceding the accident.
The investigating officer testified that his investigation on arrival at the scene of the accident revealed that the brake pedal went all the way to the floor and “there was no pedal at all;” and also that he noticed a strong odor of brake fluid under the car, and found a trail of fluid on the road with a consistency thicker than water.
After the accident defendants’ vehicle was moved from the scene to a garage owned and operated by witness McCranel (who was the mechanic who had checked and adjusted the brakes on the preceding January 4th) who testified that he inspected the braking system soon thereafter to find no fluid in the master cylinder nor any fluid leaking around the wheel cylinders, which rendered the brakes completely inoperative. On further investigation he discovered a rupture in the brake line running between the master cylinder and the rear wheel cylinders, which is near the rear underside of the car sufficiently removed and protected from the damaged portions of the car to eliminate the probability that same could have resulted from the accident.
Later on April 8, 1960, witness Likes, a professional appraiser of automobile damage, and then on April 22, 1960, witness Woods, service manager for the local Ford automobile agency, examined the braking system on defendants’ car. The composite testimony of those three mechanical experts was that such braking system was inoperative when examined due to a pinhole rupture in the main hydraulic brake line, which had been caused from condensation of moisture inside the steel brake line, producing rust corrosion inside the line, which would not be apparent from visual outside inspection, that caused the brake line to fail under pressure of the application of brakes.
Plaintiffs contend that such brake experts’ testimony was incompetent and inadmissible in that the car’s exposure to weather during the several weeks following the accident, after which the examinations by such experts were conducted, were too removed and remote in time to have any pertinent bearing on the actual condition of the brakes at the time of the accident; and also that sudden and unexpected brake failure alone does not afford sufficient basis for defense of unavoidable accident. However, a consideration of the aforementioned testimony of the investigating officer and its tendency to corroborate the testimony of the driver of defendants’ vehicle concerning failure of the brakes, together with the not illogical chain of circumstances attending the examinations made by such brake experts, forces us to disagree with all such contentions. The intervening lapse of time between the accident and their respective examinations might have some bearing on the weight the jury might give to their respective testimony, but in' the circumstances prevailing here does not make the same inadmissible.
Counsel overlooked citing in their briefs the ruling case of Pensacola Transit Co. v. Denton, 119 So.2d 296 (First District Court of Appeals, April 5, 1960). In that case a bus crashed into the rear of an automobile a few moments after the latter had stopped for a red traffic light at an intersection. The sole witness to the collision itself was the bus driver who testified that his air brakes “simply did not function” when he applied them normally; and that surrounding conditions prevented turning to left or right to avoid the accident. Although the bus brakes, when tested on the scene after the accident, worked properly, the court held that it was proper for the trial Judge to submit the case to the jury for its consideration of whether the explanation of the bus driver was sufficient to convince the jury to conclude therefrom that the presumption of negligence, which arose when the bus crashed into the rear of plain *903 tiff’s car lawfully stopped at the intersection, had been overcome by such explanation.
Under the principle established in that case it became the duty of the trial Judge in the instant case to permit all of the aforementioned evidence to go before the jury for their consideration under appropriate instructions from the court. An examination of the court’s charge reveals that he ably instructed the jury on the applicable law. There was adequate competent evidence from which the jury was warranted in concluding that the defendants were not guilty of any actionable negligence which caused the accident. The other points raised in appellants’ brief which are not disposed of above have been carefully reviewed and found to be free of reversible error. Accordingly the judgment appealed is affirmed.
Affirmed.
ALLEN Acting C. J., and WHITE J., concur.