SCHLEGEL, LEW E., Associate Judge.
The question in this case is whether or not the trial judge erred in allowing appel-lees, the defendants below, to present testimony of their expert witness relative to a headlight and four other light bulbs and whether the introduction of those items in evidence was error.[1]
In her complaint, appellant Jones, the plaintiff below, alleged that on the 28th day of April, 1974, while she was driving her vehicle on 80th Street at its intersection with Almeda Street in Duval County, a vehicle owned by appellee, Mainline Fleets, Inc., and operated in a careless and negligent manner by appellee Stamper, ran into her. Appellees answered, denying negligence and alleging contributory negligence. After a two day trial, the jury returned a verdict for the defendants.
During the trial the jury heard the testimony of three witnesses besides Jones and Stamper. The evidence is uncontradicted that the accident occurred at about 3:15 a. m.; that Stamper, a postal employee going to work, had the right-of-way, and that Jones entered the intersection from a stop street.
There is a conflict about whether or not Jones had her lights on at the time of the accident. Stamper testified he didn’t see any lights and Jones testified she had her lights on. There were no other witnesses to the accident, but an expert witness, Stanley Bates, Ph.D., when asked if he had an opinion whether or not the four light bulbs were burning, stated: “That they were not burning at the time of the accident.” Regarding the headlight, it was his opinion that it “ . . was not burning when the break occurred.” It is uncontradicted that Dr. Bates did not examine the Jones auto or the lights until ten months and five days after the accident.
*1252 Appellant’s argument is that because of the length of time between the accident and the time the expert examined the lights, there is no way of showing that they were in the same condition when they were examined as they were at the time of the accident and, therefore, a proper foundation had not been laid and it was improper to admit them in evidence and allow the expert to give his opinion as to whether or not they were burning when the accident occurred.
In support, appellant cites dicta from Alston v. Shiver, 105 So.2d 785 (Fla.1958):
“ . . . it is essential, in every case where demonstrative evidence is offered, that the object or thing offered for the jury to see be first shown to be the object in issue and that it is in substantially the same condition as at the pertinent time . . .’’(P.791)[2]
In Guelli v. Kraus, 145 So.2d 900 (Fla.App.2d 1962), the court, in affirming the trial court which had allowed experts to testify over objections that the examinations, which were made five weeks after the accident, were too removed and remote to have any pertinent bearing on the condition of the brakes at the time of the accident, said:
“ . . .a consideration of the aforementioned testimony of the investigating officer and its tendency to corroborate the testimony of the driver of defendants’ vehicle concerning failure of the brakes, together with the not illogical chain of circumstances attending the examinations made by such brake experts, forces us to disagree with all such contentions. The intervening lapse of time between the accident and their respective examinations might have some bearing on the weight the jury might give to their respective testimony, but in the circumstances prevailing here does not make the same inadmissible.” (p. 902)
In Leeper v. Thornton, 344 P.2d 1101 (Okl.1959), the Oklahoma Supreme Court rejected the appellant’s argument that the testimony of an expert witness was inadmissible where the record revealed that the witness did not examine the site of the accident nor the auto in question, which was located in a junk yard and of which parts had been altered, until approximately and one-half years after the accident.
In that case, the record showed that the witness examined photos taken immediately after the accident and compared them with pertinent portions of the automobile. There was no evidence that the portions examined had been altered. Likewise, there was no evidence that the condition of the road at the site of the accident had changed materially during the one and one-half year period. The court concluded that the soundness of the expert’s deductions and his conclusions and opinions concerning conditions upon which they were based go to weight rather than admissibility and were properly submitted for determination by the jury.
From an examination of the record, in the case at bar, it is clear that prior to giving testimony on the matters in question, Dr. Bates was properly qualified as an expert. He testified that he had earned a Ph.D. in engineering with a major in metallurgy and minors in physics and mathematics. Further, he testified that over a period of five or six years he had investigated a number of automobile accidents and had been accepted in Florida Courts as an expert witness in accident reconstruction.
Regarding the four light bulbs, Dr. Bates identified the Jones’ vehicle by comparing photographs taken at the scene of the accident with photographs taken at the junk yard and testified about his own inspection of the vehicle on March 3,1975. He stated that he personally removed the bulbs from the vehicle, that they were still in the position they would normally occupy and that there was no evidence that they had previously been removed or tampered with.
*1253 Regarding the headlight, Dr. Bates testified that he found the light in question on the front seat of the Jones’ car on March 3, 1975. He further testified that pieces of gray plastic, which he identified as coming from a portion of the grill work of the Jones’ car which he identified from photographs, were still wedged between the headlight ring and the light itself.
Although there was extensive cross examination by appellant, during which the objections raised in this appeal were clearly presented for consideration by the jury, absolutely no evidence was offered which might suggest that the lights in question were not taken from the Jones’ vehicle or that they had been tampered with or altered between the time of the accident and March 3, 1975.
After the lights were admitted, Dr. Bates gave extensive testimony explaining the method used to determine whether or not lights were burning at the time of breakage or severe impact and the reasons for his conclusion that they were not.
From our examination of the record we have determined that the testimony of Dr. Bates was properly submitted to the jury for its consideration.[3]
Appellant also asserts that the trial court erred in denying her motion for a new trial. An examination of the record shows that, except for the question concerning the position of the light switch on March 14, 1975 (which was rebutted by appellant’s affidavit of March 27, 1975), an abundance of evidence was introduced at trial on the points raised. We find no error in the court’s ruling.
AFFIRMED.
BOYER, C. J., and McCORD, J., concur.

. Appellant has not argued, either in her brief or oral argument, that the majority of the expert’s testimony which related to point of impact, skid marks, path of travel, speed, Newton’s laws of physics, etc., was improper.

. It should be noted that the Alston case involved the introduction of a replica of an ax handle three feet in length when the actual handle was only two feet.

. See Cromarty v. Ford Motor Company, 308 So.2d 159 (Fla.App.1st 1975, quashed by Supreme Court of Florida, Opinion filed July 21, 1976).