174 So.2d 26 (1965)
Jack J. GULLE and Winston Warner, Jr., Petitioners,
v.
Purley L. BOGGS, Respondent.
No. 33497.
Supreme Court of Florida.
April 7, 1965.
Rehearing Denied May 5, 1965.
*27 Blackwell, Walker & Gray and James E. Tribble, Miami, for petitioners.
Loewenstein & Dunn and Thomas A. Horkan, Jr., Miami, for respondent.
THORNAL, Justice.
By petition for a writ of certiorari we are requested to review a decision of a District Court of Appeal because of an alleged conflict with a decision of another District Court of Appeal. See, Boggs v. Gulle et al., 162 So.2d 286.
Our problem involves primarily the propriety of directing a verdict in an automobile rear-end collision situation.
Respondent Boggs brought an action in the circuit court to recover damages for injuries received when his automobile was struck from the rear in a four-car accident. The first car in line had come to a stop at a traffic light. The Boggs car was stopped second in line waiting for the light to change. The third car, owned by one Barrett, had also come to a stop before it was struck from the rear by a fourth vehicle owned by petitioner Gulle and driven by petitioner Warner. The impact knocked the third car into the rear of the Boggs car, propelling it in turn into the rear of the first car. The petitioners Gulle and Warner contended in the trial court that the accident was unavoidable, due to a brake failure. Warner testified that he applied the foot and hand brakes when he was "about 15 feet" from the vehicle ahead. He stated that the brakes failed and his truck rolled into the Barrett car in front of him. At the time he applied his brakes, he was going "about 15, not more than 15" miles per hour. Earlier that day the brakes had functioned properly. The investigating officer testified that Gulle's truck left 2 to 4 feet of skid marks. He also testified that after the accident the truck "had pedal, indicating that it had brakes". The trial judge denied the plaintiff Boggs' motion for a directed verdict. The jury returned a verdict for the petitioner-defendants Gulle and Warner. Boggs appealed to the District Court, contending that the trial judge erred in failing to direct a verdict in his favor as to liability. The Court of Appeal, Third District, concluded that the explanation given by Warner was not sufficient to rebut the presumption of negligence arising out of the rear-end collision situation. The trial court judgment was reversed with directions to grant plaintiff Boggs' motion for a directed verdict on the issue of liability and a new trial on the issue of damages.
Gulle and Warner petition for certiorari. They claim that the instant decision of the Court of Appeal, Third District, is in conflict with the decision of the Court of Appeal, First District, in Pensacola Transit Co. v. Denton, 119 So.2d 296.
We find that the two cases present divergent conclusions of law on substantially similar controlling facts. Nielsen v. City of Sarasota, Fla., 117 So.2d 731.
In McNulty v. Cusack, 104 So.2d 785, the Court of Appeal, Second District, held that where a defendant runs into the rear of a plaintiff's automobile while the plaintiff is stopped for a traffic light or at an intersection, there is a presumption of negligence of the defendant upon which the plaintiff would be entitled to recover in the absence of an explanation by the defendant. *28 In McNulty the District Court analyzed the various lines of authority. It concluded that the factual situation involved produced in effect a rebuttable presumption and not a mere justifiable inference of negligence. The McNulty conclusion was approved by the Court of Appeal, Third District, in Shedden et al. v. Yellow Cab Co. of Miami, 105 So.2d 388 and Cooper et al. v. Yellow Cab Co., Inc., 106 So.2d 436. The rule of McNulty was given approval by the Supreme Court in Bellere et al. v. Madsen, 114 So.2d 619, 80 A.L.R.2d 1 and by the Court of Appeal, First District in Pensacola Transit Co. v. Denton, supra. The so-called rebuttable presumption rule arising out of the rear-end collision situation described above is therefore well established in Florida.
In Pensacola Transit Co. v. Denton, supra, as in the case at bar, the controlling facts were: (1) The forward vehicle was lawfully stopped and was struck from the rear by an approaching vehicle; (2) The uncorroborated testimony of the driver of the approaching vehicle was that he attempted to apply his brakes and they suddenly failed; (3) The brakes were tested following the accident and appeared to be in working order.
In Pensacola Transit Co. supra, the First District concluded that the foregoing facts present a problem for the jury. In Boggs v. Gulle and Warner, the Third District concluded that a verdict on liability should have been directed in favor of the owner of the lawfully stopped vehicle.
It seems to us that there is jurisdictional conflict here despite the presence of one or two additional facts which would have a bearing on the weight of the evidence. The District Court below gave considerable weight to the testimony of the officer who found some skid marks. While this testimony was appropriate for jury consideration on the credibility of the driver Warner's testimony, it would not conclusively establish that the brakes functioned. It might even support an inference that the brakes functioned momentarily but not sufficiently to avoid a collision. Additionally, the District Court seems to have concluded as a matter of law that since the rear driver was only 15 feet from the car ahead when he applied his brakes, he could not have stopped even had his brakes functioned. There are many variables which enter into the stopping capacity of a particular vehicle under particular factual circumstances. In the absence of a detailed scientific analysis, it is literally impossible to conclude as a matter of law, that a certain vehicle will or will not stop within a certain distance.
An additional factor which appears to us to generate jurisdictional conflict is the reliance which the Court of Appeal in the instant case placed upon its own prior decision in Vasquez v. Stark, 155 So.2d 905. The decision in Vasquez, however, was quashed by this Court in Stark v. Vasquez, 168 So.2d 140.
In Kimenker v. Greater Miami Car Rental, Inc., 115 So.2d 191, relied upon by the District Court, there was a total absence of any explanation of the occurrence by the driver of the approaching vehicle. This was the situation which gave birth to the presumption rule in McNulty. Similarly, in Sheehan v. Allred, 146 So.2d 760, the Court of Appeal, First District, simply found as a matter of law that the driver of the forward vehicle was guilty of no negligence but deposited with the jury the problem of liability of two vehicles approaching from the rear. The respondent here seems to rely upon Guelli v. Kraus, 145 So.2d 900. There, however, in a substantially similar controlling fact situation, the Second District deposited with the jury the problem of deciding liability.
We have stated that the presumption announced in McNulty, and subsequently followed, is rebuttable. It is constructed by the law to give particular effect to a certain group of facts in the absence of further evidence. The presumption provides a prima facie case which shifts to the defendant the burden to go forward with *29 the evidence to contradict or rebut the fact presumed. When the defendant produces evidence which fairly and reasonably tends to show that the real fact is not as presumed, then the impact of "the presumption is dissipated". Whether the ultimate fact has been established must then be decided by the jury from all of the evidence before it without the aid of the presumption. At this point the entire matter should be deposited with the trier of the facts to reconcile the conflicts and evaluate the credibility of the witnesses and the weight of the evidence.
When the matter goes to the jury in this posture it must be without the aid of the presumption, which has been reduced to the status of a permissible inference or deduction which the jury may or may not draw from the evidence before it. Johnson v. Mills, Fla., 37 So.2d 906; Leonetti v. Boone, Fla., 74 So.2d 551; Tyrrell v. Prudential Insurance Company, 109 Vt. 6, 192 A. 184, 115 A.L.R. 392. As was stated in Tyrrell: "Presumptions disappear when facts appear; and facts are deemed to appear when evidence is introduced from which they may be found".
Thus, in the instant case when respondent Boggs as plaintiff proved that he had legally stopped at the stop light and that his car was struck from the rear, the law raised a presumption that the driver of the car which produced the collision was negligent. Without further proof, this was sufficient to impose upon the approaching driver the duty to explain by competent evidence that the occurrence was not the result of his negligence. When he produced evidence from which the fact of "no negligence" could be properly inferred by the jury, he had discharged his burden. The plaintiff could then, of course, offer available evidence in reply. The case would go to the jury on the basis of all of the evidence submitted, together with justifiable inferences  not presumptions  to be drawn therefrom. Thomason v. Miami Transit Co., Fla., 100 So.2d 620. The trial judge here properly directed this course. Inasmuch as we have held that the rebutting evidence submitted by the petitioner-defendants, was sufficient to create an issue on unavoidable accidents as against negligence, his ruling must be approved. Johnson v. Mills, supra; Leonetti v. Boone, supra; Greyhound Corp. v. Ford, Fla.App., 157 So.2d 427; Atlantic Coast Line R. Co. v. Voss, 136 Fla. 32, 186 So. 199.
The decision of the District Court is quashed and the cause is remanded to that court for entry of a judgment consistent herewith.
It is so ordered.
DREW, C.J., and O'CONNELL, CALDWELL and ERVIN, JJ., concur.