RAWLS, Chief Judge.
Jane Becker brought this action for the wrongful death of her husband, Earl M. *683 Becker, who was killed in an automobile accident, and she appealed from an adverse judgment based upon a jury verdict for defendant.
On July 2, 1964 at 5:45 p. m. plaintiff’s husband, Earl M. Becker, was returning from Folkston, Georgia to Duval County in a Buick owned and being operated by Mrs. Laverne Moody. As they proceeded south on a four-lane, straight, level, dry highway they were involved in an accident with a hearse which was being driven south by Robert C. Adkins. Both Becker and Mrs. Moody were killed. Adkins testified that he remembered nothing about the accident, that previously he had been driving consistently at 60 miles per hour, that he was in no hurry, that he suffered a lick on the head, was either knocked out or dazed, and when he came to he remembered hearing a noise but did not realize that another vehicle was involved in the collision until after he saw the Buick. Cecil B. Hayes, a witness not involved in the accident, was proceeding north on the same highway and testified that he heard a noise, saw the vehicles “lock horns” with the hearse behind the green Buick, and then saw the vehicles turning around.
The investigating officer testified that the hearse left one heavy tire mark beginning at the center of the two southbound lanes and extending to the right edge of the road; that the Buick left two lighter tire marks beginning in the right southbound lane and extending to the right edge of the road; and that there was no debris on the highway to indicate a point of impact. The photographs introduced in evidence show that the hearse hit another object with its right front fender and lost its right front wheel and door. The left front of the Buick forward of the windshield was not damaged, but the remainder was almost completely demolished. The photographs also showed that the rear left wheel of the Buick had been pushed to a place forward of its normal position. The trunk lid on the left side had been pushed forward to cause it to assume the appearance of a pup tent and the rear bumper protruded at an angle as if it had indeed “locked horns” with another bumper.
The only other physical evidence was two faint short tire marks beginning on the shoulder of the road and coming onto the right southbond lane. There was no connection shown between the accident and these marks which were a considerable distance north of the beginning of the tire marks shown to have a connection with the accident.
The defendants defended on the grounds that the decedent had been drinking with Mrs. Moody, that he knew that her faculties had been impaired, that she was guilty of negligence in the operation of her automobile at the time of the collision, so the decedent by riding as passenger in her automobile was guilty of contributory negligence and assumed the risk of undertaking to ride with her. They contend, and apparently sold the jury on the idea, that the short tire marks indicated a possibility that the Buick had been parked on the side of the road and its driver, Mrs. Moody, left the short tire marks as she drove onto the highway into the path of the oncoming hearse.
Appellant contends, and we agree, that the trial judge committed reversible error when he failed to grant her motion to strike defendant’s affirmative defenses and when he failed to grant her motion for a new trial on the grounds that the verdict was contrary to the manifest weight of the evidence.
The physical evidence indicates that the hearse was traveling in the eastern southbound lane with its right front wheel along the center line and that it hit the left rear of the Buick which was traveling in the western southbound lane. This conclusion is buttressed by the testimony of the eye witness, the tire marks left on the highway, and the photographs showing the damaged vehicles. Furthermore the testimony of the investigating officers positively *684 stated that the short tire marks corning onto the highway were a “Considerable distance” north of the northern end of the tire marks leading to the damaged vehicles. All the evidence taken together failed to connect in any manner the “ * * * faint [tire] marks * * * a considerable distance” up the road with the area of impact between these two vehicles, and it afforded no reasonable basis for a finding that those marks came from plaintiff’s car or that they had any relation to the accident. The testimony as to these marks was so speculative and conjectural as to be unworthy of consideration by the jury.
Likewise there was no substantial evidence to support the pleas of contributory negligence and assumption of risk. There was evidence that the driver of the Buick had drunk two or three alcoholic beverages known as salty dogs approximately three hours before the accident. There is not a scintilla of evidence that the driver had anything else to drink thereafter prior to the accident, or that the drinking of the decedent driver or the decedent passenger was a contributing factor to the accident. On the cpntrary, all the relevant and admissible evidence leads one to the inescapable conclusion that the car was proceeding south down the highway when the hearse rammed it from the rear. This is supported by the testimony of the hearse driver who testified that he was driving down the four-lane, straight, level, dry highway during daylight hours with nothing obstructing his vision, but he could not remember seeing the Buick although he did remember hearing the sound of the collision. Since there is a total absence of any material evidence disclosing a negligent act on the part of decedent driver which would be imputable to her passenger, the pleas of contributory negligence and assumption of risk must fall.
We have carefully reviewed the record which is replete with substantial evidence of negligence on the part of the hearse driver but which contains no evidence of negligence attributable to plaintiff’s decedent which could have been lawfully found by the jury to be the proximate cause of the collision. Under these circumstances the trial judge erred in refusing to grant a new trial.[1]
The judgment is reversed and the trial judge is directed to grant a new trial.
WIGGINTON and CARROLL, DONALD K., JJ., concur.

. See Sheehan v. Allred, 146 So.2d 760 (Fla.App.1st, 1962).