222 So.2d 417 (1969)
George V. CONDA, II, a Minor, by His Father and Next Friend, George V. Conda, and George V. Conda, Individually, Petitioners,
v.
Judith W. PLAIN, Respondent.
No. 38107.
Supreme Court of Florida.
May 14, 1969.
Ted L. Wells, Tampa, for petitioners.
William T. Keen, of Shackleford, Farrior, Stallings & Evans, Tampa, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, reported at 215 So.2d 13. Our jurisdiction is based on conflict between the decision sought to be reviewed and Gulle v. Boggs.[1]
Petitioner, plaintiff below, George Conda II, a minor, suffered personal injuries, including a fractured skull when his motorbike was struck by an overtaking vehicle owned and operated by respondent, defendant below. The jury returned a verdict of $903.25 in favor of plaintiffs, but the trial court granted defendant's motion for judgment notwithstanding the verdict. On appeal, the District Court affirmed, holding that the plaintiffs had not sustained the burden of proving any specific acts of negligence on the part of the defendant which caused the accident, and that unrefuted evidence in the record established that the minor plaintiff was contributorily negligent as a matter of law.
In Gulle v. Boggs, supra, this Court held that the presumption of negligence arising from a rear-end collision, even though vanishing when rebutted, leaves permissible inferences which are for the jury.
The minor plaintiff, Conda, due to his skull fracture was unable to recall the accident. The defendant's testimony, largely supported by that of her mother-in-law and the other passenger in defendant's car, was that she was traveling at 30 miles per *418 hour going south in the southbound lane with the motorbike 2 blocks ahead of her; that she closed to within 2 car lengths of the motorbike which was on the right hand side of the southbound lane; that at this point, the minor plaintiff looked back at her, then to his front, and then the motorbike made a sharp turn to the left in front of her car; that she applied her brakes but was unable to avoid the collision. The mother-in-law testified that defendant closed to within 10 to 12 feet of the motorbike.
Physical evidence of the collision, as testified to by Sgt. Miller of the Tampa Police Department, revealed that defendant's vehicle came to rest in the center of the southbound lane of the highway and that 30 feet of skid marks extended backward from the wheels of the car. Sgt. Miller testified the motorbike came to rest partially under the front bumper of the car, said car being damaged on the right front. The bulk of the damage to the motorbike was in the left midway section with some damage to the rear.
The jury was entitled to consider all the possible inferences arising from the evidence as outlined above and find defendant guilty of negligence and the minor plaintiff free of contributory negligence. In Nelson v. Ziegler,[2] we held:
"It is ordinarily the function of the jury to weigh and evaluate the evidence. This is particularly so in negligence cases where reasonable men often draw varied conclusions from the same evidence. In a case of this nature, unless the evidence as a whole with all reasonable deductions to be drawn therefrom, points to but one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury and substituting his own evaluation of the weight of the evidence."
In view of the foregoing, the decision of the District Court is quashed and the cause remanded with directions that the verdict of the jury be reinstated and judgment entered accordingly.
It is so ordered.
ERVIN, C.J., and CARLTON and ADKINS, JJ., concur.
CALDWELL (Retired), J., dissents.
NOTES
[1] 174 So.2d 26 (Fla. 1965).
[2] 89 So.2d 780 (Fla. 1956).