PER CURIAM.
This is a negligence case arising out of an automobile collision. Appellants, plaintiffs below, having suffered an adverse jury verdict, moved for a new trial on the ground that the verdict was contrary to the manifest weight of the evidence. The motion was denied and plaintiffs now seek reversal of the order denying a new trial.
The facts underlying this action are brief. Appellant had been parked in the middle of the block on Pace Boulevard one-hundred-fifty feet south of Blount Street in Pensacola. At this point, Pace was a four-lane artery, two going in each direction. Appellant drove off from the curb, angled across the two traffic lanes and when she arrived at the corner, she stopped in the inside lane to await passage of oncoming traffic preparatory to making a left turn. As noted, she did all this as she proceeded forward a distance of one-hundred-fifty feet. The defendant, traveling in the same direction at a speed within the posted limit, attempted to go around her inside when he saw her cutting across into his lane and not being able to do so because of the traffic at his rear, he applied his brakes but it was too late. He left twenty-one feet of skid marks before his car collided with appellant’s car.
The plaintiff driver said she put her turn blinkers on when she pulled away from the curb and again when she had reached the turning lane. The defendant’s testimony was that plaintiff pulled out from the curb and came across his path to her stopping place at the corner when he was only a short distance behind her and that he overtook her upon being unable to either get around her or stop before the collision occurred.
Thus, the evidence was such that a jury question was presented. Where a plaintiff’s automobile is hit from the rear by the defendant, a presumption of negligence on the part of the defendant arises. McNulty v. Cusack, 104 So.2d 785 (Fla.App.1958). However, where the defendant goes forward with the evidence and introduces matters which if believed by the jury tend to dissipate the presumption of negligence on his part, then the question of defendant’s negligence is one for the jury to determine. Gulle v. Boggs, 174 So.2d 26 (Fla.1965). In the instant case, such a jury question was created by defendant’s testimony which if believed tended to show that he had not failed to exercise reasonable care under the circumstances and that, on the contrary, the plaintiff’s action of pulling out into lanes of traffic being traveled by a nearby approaching vehicle was the causal factor leading to the accident.
In these circumstances, we cannot hold that the trial judge erred in denying appellants’ motion for new trial. To justify such a holding, it must first be shown that the evidence contained in the record on appeal establishes an abuse of discretion by the trial judge in denying appellants’ motion for new trial. Cosby-Hodges Milling Co. v. Sheffield, 183 So.2d 749 (Fla.App.1966); and Pix Shoes of Miami, Inc. v. Howarth, 201 So.2d 80 (Fla.App.1967).
Affirmed.
JOHNSON, C. J., and RAWLS and SPECTOR, JJ., concur.