PER CURIAM.
The appellee Markey sued the appellants, Ben’s Seltzer, Inc. and John Lee Brown for damages sustained in an automobile collision. He alleged that the appellants were the owners and operators of a truck which was improperly stopped in the roadway, that the appellant had stopped to pick up crates which had dropped onto the road, and that appellee’s automobile was unable' to avoid a collision with the stopped truck.
The facts revealed at trial were that defendant-appellant’s truck stopped on MacArthur Causeway on the lower portion of an arched bridge. Plaintiff-ap-pellee ran into the rear of defendant’s truck. Plaintiff-appellee presented evidence from which the jury could find that appellant’s truck was improperly stopped in a lane of traffic on the bridge and that appellee was unable to avoid the collision by the use of diligence.
Appellant’s defense consisted of a general denial under which they introduced evidence tending to show that the appellee did not have his vehicle under proper control. In this defense appellant was aided by the rule that in rear-end automobile collision cases the driver of the following car is presumed negligent.
On this appeal it is urged that the appellant-defendant’s evidence aided by the presumption is so strong that the court should have directed the verdict for the appellant as a matter of law. This argument presents a question of the sufficiency of the plaintiff’s evidence in the trial court. We have examined the record and find the evidence sufficient to raise a question of appellee’s negligence.
Affirmed.