BASKIN, Judge.
Herbert Stewart, plaintiff in the personal injury action below, appeals an adverse final judgment which was entered in favor of the defendants, Donald Scribner and Key West Electrical Repair and Supply company, Inc. We hold that the trial court should have directed a verdict for plaintiff Stewart on the issue of liability. We also hold that the verdict was ambiguous necessitating a new trial on the issue of damages.
This action was instituted following an automobile accident which involved vehicles driven by appellant Stewart and appellee Scribner. Scribner’s vehicle, a pick-up truck, was owned by Scribner’s employer, Key West Electrical Repair and Supply Company, Inc., and insured under a policy with United States Fidelity & Guaranty Company. Stewart filed a complaint for damages incurred as a result of the accident, naming Scribner, Key West Electrical, and United States Fidelity & Guaranty as defendants.
As the case progressed, a motion to strike any reference to the insurance company and a motion to dismiss the insurer as a defendant were filed. The motion to dismiss was based on Section 627.7262, Florida Statutes (1977). An agreed order was entered dismissing United States Fidelity & Guaranty Company, and the parties prepared for trial. Stewart requested the trial court to reinstate USF&G in light of the decision of the supreme court in Markert v. Johnston, 367 So.2d 1003 (Fla.1979), holding Section *90 627.7262, Florida Statutes (1977) unconstitutional. The motion to reinstate was denied and the case proceeded to trial.
During the trial, both Stewart and Scribner described the events surrounding the accident. According to the testimony, Stewart was proceeding south on a two lane road in bumper-to-bumper traffic. It was a clear, sunny afternoon. Scribner occupied the vehicle directly behind Stewart. According to Stewart, he had been stopped in traffic, proceeded forward, and stopped again. He was then struck from the rear by Scribner’s vehicle. There was no testimony to dispute this description of the events. Stewart also presented evidence of medical bills allegedly incurred as a result of the accident as well as evidence concerning lost wages.
At the close of the evidence, Stewart moved for a directed verdict on the issue of liability. The court reserved ruling on this motion and allowed the case to go tp the jury. Despite Stewart’s objections, the jury was given a verdict form which read:
Was there negligence on the part of the defendant, Donald Lawrence Scribner, which was a legal cause of damages to plaintiff, Herbert E. Stewart?
Yes_ No_
The jury answered this question in the negative. Stewart filed a motion for judgment in accordance with the motion for directed verdict and a motion for new trial. The trial court denied both motions and entered judgment in favor of the defendants, Scribner and Key West Electrical. Stewart appealed.
One of the errors claimed by Stewart is the trial court’s failure to enter a directed verdict on the issue of liability. Stewart argues, and Scribner concedes, that the facts of this case raised a presumption that Scribner was negligent. Since Stewart’s vehicle was lawfully occupying the roadway when it was struck from the rear, a rebuttable presumption that Scribner was negligent was created. Gulle v. Boggs, 174 So.2d 26 (Fla.1965); McNulty v. Cusack, 104 So.2d 785 (Fla.2d DCA 1958). Since the presumption was unrebutted, the lower court should have directed a verdict on the issue of liability. Cowart v. Barnes, 370 So.2d 103 (Fla.lst DCA 1979); Sawyer v. Dawson, 215 So.2d 764 (Fla.3d DCA 1968).
Because the verdict form was ambiguous, we are unable to determine whether the jury decided that Stewart failed to incur damages or whether the jury concluded that Scribner was not negligent. Accord, Variety Children’s Hospital Inc. v. Perkins, 382 So.2d 331 (Fla.3d DCA 1980). We, therefore, hold that there must be a new trial, but only as to the issue of damages. Parks v. Ralston Construction Co., 338 So.2d 65 (Fla.3d DCA 1976).
Upon remand, Stewart should be permitted to reinstate the defendant UAF&G for purposes of the new trial on damages. Markert v. Johnston, supra; Marion v. Cissell, 376 So.2d 871 (Fla.2d DCA 1979). Stewart’s earlier participation in an agreed order to dismiss USF&G from the suit was clearly predicated upon Section 627.7262, Florida Statutes (1977), subsequently held unconstitutional. Under these circumstances Stewart is not barred from including USF&G. See Ingerson v. State Farm Mutual Automobile Insurance Co., 272 So.2d 862 (Fla.3d DCA 1973).
For the foregoing reasons, the judgment is reversed and the cause is remanded for proceedings in accordance with this opinion.