McCORD, Judge.
By this appeal the plaintiffs argue that the trial court erred in entering summary judgment in favor of the defendants based upon a determination that the defendants were not negligent as a matter of law. We agree and reverse for a jury trial.
On June 27, 1976, the plaintiffs and their infant son were proceeding northward in *455 the right-hand lane of A1A in Jacksonville at approximately 35 to 40 mph. Shortly before they got to the intersection of A1A and Mayport Road, another car passed them at a speed of about 45 mph and pulled ahead into the right-hand lane of A1A. Not long after passing, however, this car abruptly cut over to the left-hand lane of this four lane road, crossing brads or bumps separating the left lane from the right lane. These brads or bumps demarcated plaintiffs’ right-hand lane as a thru lane and the left-hand lane as one into which traffic coming from the west could turn. When this car cut over, Joseph Catir, the driver, first saw the bus operated by the defendants parked about 20 feet away. In his deposition, he stated that the bus had stopped and was located “directly under or, if not, maybe a few feet ahead of (the) green arrow at the intersection.” His wife testified that the bus had just barely passed the place where one would make a left-hand turn. By referring to the map included in the record, this would apparently indicate the beginning or middle of the intersection. Further, another person arriving at the scene shortly after the collision testified that the bus was entirely within the thru lane as demarcated by the brads or bumps and was a little bit beyond the light. This witness, however, also indicated in his deposition testimony that, by the time he reached the scene of the accident approximately five minutes after it had occurred, the defendants’ bus and the plaintiffs’ Volkswagen had been pulled apart.
Upon this basic overlay of facts the defendants argue that they are not negligent as a matter of law. We disagree. A rebuttable presumption arises in Florida as to the negligence of an operator whose motor vehicle collides with another vehicle from the rear, and this presumption may be refuted only if the operator presumed negligent offers a “substantial and reasonable explanation for his failure to avoid the collision.” Baughman v. Vann, 390 So.2d 750 (Fla. 5th DCA 1980). Upon these facts, one could reasonably conclude that the bus was improperly stopped within an intersection. See § 316.160(l)(a)3, Fla.Stat. (1975). Further, section 316.160(l)(a)6, Florida Statutes (1975) provides that “no person shall stop, stand, or park a vehicle .. . alongside or opposite any street excavation or obstruction when stopping, standing, or parking would obstruct traffic.” Since the brads or bumps in the road are essentially constructed to prevent, or render difficult, passage of motor vehicles over them, one could also reasonably conclude that the bus was improperly parked at a location where it could obstruct the ongoing flow of traffic. Thus, considering the above facts in a light most favorable to the plaintiffs’ case, as we must, we cannot conclude that the defendants had met their heavy burden of demonstrating the absence of any disputed issue of material fact and their entitlement to judgment as a matter of law.
Reversed and remanded for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., C.J., and MILLS, J., concur.