469 So.2d 884 (1985)
Gertrude TOZIER, Appellant,
v.
Harold JARVIS, Monarch Financial Enterprises, Inc., Fireman's Fund Insurance Company, Bruce Tozier, and Dixie Insurance Company, Appellees.
Bruce TOZIER, Appellant,
v.
Gertrude TOZIER, Harold Jarvis, Monarch Financial Enterprises, Inc., Fireman's Fund Insurance Company, et al., Appellees.
No. 84-298.
District Court of Appeal of Florida, Fourth District.
May 15, 1985.
Rehearing Denied June 19, 1985.
Joel V. Lumer, Miami, Kathleen Phillips, Coral Gables, and Arnold D. Hessen, of Kaplan, Sicking, Hessen, Sugarman, Rosenthal, Susskind, Bloom & DeCastro, P.A., Miami, for Bruce Tozier.
William S. Isenberg, Fort Lauderdale, for Gertrude Tozier.
Gregg J. Pomeroy of Pomeroy, Betts & Pomeroy, Fort Lauderdale, and Nancy Little Hoffmann of Hoffmann & Burris, P.A., Fort Lauderdale, for Jarvis, Monarch, and Fireman's Fund.
*885 BARKETT, Judge.
The plaintiffs below, Bruce and Gertrude Tozier, challenge the denial of their motion for a directed verdict on the issue of liability against appellees. We agree that a directed verdict should have been granted. Accordingly, we reverse.
Bruce Tozier and his mother, Gertrude Tozier, sued Harold Jarvis, Monarch Financial Enterprises, and Fireman's Fund Insurance Company as a result of an automobile collision. The Toziers were in a passenger car when it was struck from behind by a loaded cement truck operated by Harold Jarvis. The Toziers both testified that they were traveling west on Oakland Park Boulevard in the right curb lane, with Bruce Tozier driving, en route to have lunch at a restaurant. This testimony was unrebutted. When the Tozier vehicle reached the entrance way to the restaurant, Bruce Tozier slowed and stopped prior to turning into the entrance. At trial, Bruce Tozier testified that he stopped because an exiting car was blocking the entrance to the restaurant and he was waiting for it to pass. At his deposition he had said he stopped because he wanted to make a slow, gentle turn because of the nervousness of his elderly mother.
Harold Jarvis, the defendant driver, testified that he was driving the ten wheel concrete mixer that hit the Toziers' vehicle. Jarvis testified that he had exited I-95 onto Oakland Park Boulevard, remaining in the right curb lane and traveling west. He stopped at a light approximately 600 feet from the collision. Jarvis began accelerating after his stop, and testified that he saw no vehicles in the lane before him. He took his eyes from the road to check his rear view mirror for a period of two to six seconds because he wanted to change lanes. Jarvis said he had accelerated to a speed of approximately 25 miles per hour when he returned to a view of the lane in front of him and saw the Tozier vehicle for the first time. Jarvis testified that the Tozier vehicle was totally stopped at an angle, with two-thirds of the car in the curb lane in front of him, and one-third of the car in the driveway of the restaurant. Jarvis indicated that he had remained in the right curb lane from the time he exited I-95. He indicated that there was no time to take any evasive action from the time he first saw the car until he struck it. The only "explanation" provided by Jarvis for not seeing the Tozier vehicle was the speculation that the Tozier vehicle must have backed out of the restaurant driveway into the roadway. Jarvis could not testify, however, that he saw the vehicle in motion in any direction.
The only other testimony as to liability was an independent witness who was following the truck on a motorcycle. That witness testified that prior to the collision the truck was traveling at approximately 40 miles per hour in the middle lane, but that it changed to the right curb lane approximately 10 seconds before the collision.
The issue before us is whether there exists an unrebutted presumption of negligence which dictates a directed verdict on liability in favor of the Toziers.
In Florida, a presumption of negligence attaches to the driver of the rear vehicle in a rear-end collision. This presumption was first recognized in McNulty v. Cusack, 104 So.2d 785 (Fla.2d DCA 1958). In NcNulty v. Cusack, the defendant's car allegedly struck the plaintiff's car from behind. The defendant did not testify at trial. The court stated that this factual situation created a presumption of negligence rather than a mere inference of negligence, and that "in the absence of an explanation from the defendant," a directed verdict should have issued in favor of the plaintiff. Id. at 788.
In Bellere v. Madsen, 114 So.2d 619 (Fla. 1959), the Florida Supreme Court adopted the rationale of McNulty v. Cusack. Subsequently, in Gulle v. Boggs, 174 So.2d 26 (Fla. 1965), the supreme court reaffirmed this rule and further discussed its application:
We have stated that the presumption announced in McNulty, and subsequently followed, is rebuttable. It is constructed *886 by the law to give particular effect to a certain group of facts in the absence of further evidence. The presumption provides a prima facie case which shifts to the defendant the burden to go forward with the evidence to contradict or rebut the fact presumed. When the defendant produces evidence which fairly and reasonably tends to show that the real fact is not as presumed, then the impact of the presumption is dissipated. Whether the ultimate fact has been established must then be decided by the jury from all of the evidence before it without the aid of the presumption. At this point the entire matter should be deposited with the trier of the facts to reconcile the conflicts and evaluate the credibility of the witnesses and the weight of the evidence.
When the matter goes to the jury in this posture it must be without the aid of the presumption, which has been reduced to the status of a permissible inference or deduction which the jury may or may not draw from the evidence before it. [Emphasis supplied.]
Id. at 28-29. Thus, in Gulle v. Boggs, it was held that in order to present the issue of negligence to the jury, the defendant must produce evidence which "fairly and reasonably tends to show" that the presumption is invalid. Once the presumption is overcome, it vanishes; the jury is not instructed upon it. Id. at 29; DiGregorio v. Industrial Supply Corp. of Orlando, 438 F.2d 303 (5th Cir.1971).
Florida courts have recognized three general categories of affirmative explanations that will serve to rebut the presumption of negligence.
First, affirmative testimony regarding a mechanical failure is sufficient to rebut the presumption. In Gulle v. Boggs, the evidence deemed sufficient to overcome the presumption was the defendant's affirmative testimony that his brakes failed. The court noted that if the defendant had not introduced competent evidence to rebut the presumption a directed verdict would have been proper. See Gulle, 174 So.2d at 29. Similarly, in Stark v. Vasquez, 168 So.2d 140, 142 (Fla. 1964), the presumption was successfully rebutted by the defendant's testimony that she applied the brakes in an effort to avoid the collision but was unable to ascertain why her automobile failed to stop:
In the instant case, the defendant was equally frank in stating that she just didn't know the reason for her car's failure to lose its forward momentum after the deceleration and application of brakes. Of course if the defendant had testified that she was not paying attention, was looking in another direction and did not decelerate or apply her brakes or in any other manner timely endeavor to avoid the accident, then it could well be said that, as a matter of law, her testimony was insufficient to rebut the presumption of negligence. [Emphasis supplied.]
See also Munceas v. Harris, 430 So.2d 562 (Fla. 3d DCA 1983); Pensacola Transit Co. v. Denton, 119 So.2d 296 (Fla. 1st DCA 1960).
Second, courts have determined that positive testimony of a sudden unexpected stop or an unexpected switching of lanes by the car in front is sufficient evidence to rebut the presumption. In Conda v. Plain, 222 So.2d 417 (Fla. 1969), the defendant, who hit the plaintiff motorcycle driver from behind, testified that the plaintiff switched suddenly into the defendant's lane while the defendant was passing the plaintiff. The defendant further testified that she applied her brakes, but could not avoid a collision. An additional witness testified that the motorcycle cut in front of the defendant with only a 10 or 12-foot gap separating the vehicles. This positive testimony was enough to allow the jury verdict to be reinstated after the trial judge improperly entered a judgment notwithstanding the verdict.
In Holden v. Dye, 224 So.2d 350 (Fla. 1st DCA 1969), the presumption was held to be rebutted when the defendant testified that the plaintiff pulled out sharply from a parking spot in front of the defendant, and *887 that the defendant could not avoid hitting the plaintiff despite applying his brakes and skidding. The court stated:
In the instant case, such a jury question was created by defendant's testimony which if believed tended to show that he had not failed to exercise reasonable care under the circumstances and that, on the contrary, the plaintiff's action of pulling out into lanes of traffic being traveled by a nearby approaching vehicle was the causal factor leading to the accident.
Id. at 351. See also Lynch v. Tennyson, 443 So.2d 1017 (Fla. 5th DCA 1983); Whitworth v. Cuchens, 397 So.2d 357 (Fla. 1st DCA 1981); Chiles v. Beaudoin, 384 So.2d 175 (Fla. 2d DCA 1980).
The third category in which evidence has been deemed sufficient is when a vehicle has been illegally, and therefore unexpectedly, stopped. In Frazier v. Ross, 225 So.2d 451 (Fla. 4th DCA 1969), this court affirmed the judgment entered upon the jury verdict where the defendant had affirmatively explained that plaintiff's car was parked in a cross-over area of a divided six-lane road, and that at least three feet of the car was improperly protruding in her traffic lane. The defendant ultimately skidded on the wet pavement and collided with the plaintiff.
In Ben's Seltzer, Inc. v. Markey, 254 So.2d 377 (Fla. 3d DCA 1971), cert. denied, 261 So.2d 176 (Fla. 1972), the plaintiff struck the defendant from behind, and brought suit based upon the premise that the defendant was improperly stopped on a bridge. The defendant raised the presumption as a defense, but it was held to be rebutted by plaintiff's evidence that the defendant's vehicle was improperly stopped.
In Railway Express Agency, Inc. v. Garland, 269 So.2d 708 (Fla. 1st DCA 1972), cert. denied, 275 So.2d 14 (Fla. 1973), the presumption was held to be rebutted as applied to plaintiff's decedent, who struck the rear of a bus that was stopped improperly on an expressway. Because the defendant driver of the stopped vehicle had improperly stopped to pick up fallen debris on the expressway, the presumption was overcome as a defense against the rear-ending plaintiff. See also Catir v. Roberson, 423 So.2d 454 (Fla. 1st DCA 1982); Darr v. Aglin, 279 So.2d 62 (Fla. 1st DCA 1973).
Although numerous cases have held the presumption to be rebutted by appropriate testimony, another line of cases has defined the type of evidence that is insufficient to overcome the presumption.
In Kimenker v. Greater Miami Car Rental, 115 So.2d 191 (Fla. 3d DCA 1959), cert. denied, 119 So.2d 293 (Fla. 1960), the presumption was not rebutted when the defendant hit the plaintiffs from behind while the plaintiffs were stopped at a red light. The defendant driver was apparently distracted by a bus, and put on some evidence that the bus may have scraped his car. Because this evidence was not the type of "substantial evidence" necessary to rebut the presumption, the court ordered a directed verdict in favor of the plaintiff. The court ordered a new trial solely on the issue of damages.
In Becker v. Adkins, 184 So.2d 682 (Fla. 1st DCA), cert. denied, 189 So.2d 633 (Fla. 1966), the court reversed a judgment entered on a jury verdict in favor of the defendant, who had struck the plaintiff from behind while both cars were moving. The defendant had testified that he remembered nothing about the accident, and the physical evidence as to any improper driving by the lead vehicle was "so speculative and conjectural as to be unworthy of consideration by the jury." Id. at 684. This evidence consisted of various tire marks which were faint and quite distant from the accident. The court stated that these marks "afforded no reasonable basis for a finding that those marks came from plaintiff's car... ." Id.
In Brethauer v. Brassell, 347 So.2d 656 (Fla.4th DCA 1977), this court addressed the narrow question of what type of evidence a party must adduce in order to rebut the presumption. The court reversed a jury verdict in favor of the rear-ending *888 defendant, ordered a directed verdict for the plaintiff, and noted:
The question squarely presented in the instant case is whether the defendant has explained his inability to avoid the collision. We think not. A close examination of the language used by appellate courts in deciding similar cases reveals more definitive words than just "an explanation." ...
... .
The defendant's "explanation" in the case at bar is, at best, a mere description of the nature of his distraction. It does not offer any substantial or reasonable explanation for his failure to avoid the collision. [Emphasis supplied.]
Id. at 657. See also Baughman v. Vann, 390 So.2d 750 (Fla. 5th DCA 1980); Stewart v. Scribner, 390 So.2d 88 (Fla. 3d DCA 1980); Lee v. Dunnigan, 384 So.2d 165 (Fla. 2d DCA 1980); Cowart v. Barnes, 370 So.2d 103 (Fla. 1st DCA), cert. denied, 379 So.2d 202 (Fla. 1979).
After analyzing the above cases we conclude that the facts in the instant case warrant a directed verdict for the plaintiffs on the issue of liability. Reduced to its essence, the defendant's testimony consists merely of saying, "I didn't see another car in front of me; I looked in my rear view mirror for two to six seconds; I looked back to the lane in front of me and I then saw the vehicle for the first time but it was too late to avoid the collision." Such testimony cannot be considered "substantial and reasonable." Nor can the defendant's sheer speculation that perhaps the plaintiff was backing out of the restaurant, rather than entering the restaurant, rise to the level of affirmative testimony (much less the kind of substantial testimony) necessary to rebut the presumption of negligence.
Finally, we cannot agree with Jarvis that the Toziers were illegally stopped in the roadway. When one makes an approximate 90 degree turn into one of the many business establishments along a busy thoroughfare, it is reasonable, foreseeable, and expected that one would slow his vehicle even to a stop to make such a turn.
Accordingly, we reverse and remand for the entry of a directed verdict on liability and a trial on the issue of damages.
REVERSED AND REMANDED.
HERSEY and HURLEY, JJ., concur.