605 So.2d 575 (1992)
Ulyses LIRIANO, Appellant,
v.
Rodolfo GONZALEZ, Appellee.
No. 91-3046.
District Court of Appeal of Florida, Third District.
September 29, 1992.
Roy D. Wasson, Miami, for appellant.
Kubicki, Draper, Gallagher & McGrane and Julio C. Jaramillo, Miami, for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
The plaintiff below, Ulyses Liriano, challenges the entry of a final summary judgment in favor of Rodolfo Gonzalez, defendant below, on the issue of liability arising out of a motor vehicle collision. We agree with the plaintiff that evidence was presented which established that the defendant may have been improperly stopped in a through lane of a busy highway, creating a jury question on the issue of liability. Accordingly, we reverse the summary judgment entered in favor of the defendant.
Shariff Butt, not a party to this appeal, testified that on January 24, 1989, he was travelling northbound on State Road 826 *576 (the Palmetto Expressway) in Dade County when a vehicle cut him off, causing him to crash into a three-to-four foot high concrete wall which divides the north and southbound lanes of the highway. When his vehicle came to a stop, it was positioned sideways, with the left front fender in contact with the wall. The rear portion of his vehicle was protruding approximately three feet into the left-hand through lane of traffic. Thereafter, the defendant, travelling northbound in the left-most lane, stopped approximately ten yards behind Mr. Butt's vehicle. Seconds later, the vehicle in which the plaintiff was a passenger struck the rear-end of the defendant's car, allegedly causing the injuries sued upon below.
In Florida, a presumption of negligence attaches to the driver of the rear vehicle in a rear-end collision. Tozier v. Jarvis, 469 So.2d 884, 885 (Fla. 4th DCA 1985); McNulty v. Cusack, 104 So.2d 785 (Fla. 2d DCA 1958); see also Gulle v. Boggs, 174 So.2d 26, 28 (Fla. 1965); Bellere v. Madsen, 114 So.2d 619, 621 (Fla. 1959). This presumption may be rebutted "[w]hen the defendant produces evidence which fairly and reasonably tends to show that the real fact is not as presumed." Gulle, 174 So.2d at 29.
Three general categories of affirmative explanations serve to rebut the presumption of negligence. First, affirmative testimony regarding a mechanical failure will serve to rebut the negligence presumption. Tozier, 469 So.2d at 886; see, e.g., Gulle, 174 So.2d at 29 (affirmative testimony by defendant that his brakes failed was sufficient to overcome the negligence presumption). Second, affirmative testimony of a sudden and unexpected stop or unexpected switching of lanes by the car in front is sufficient evidence to rebut the presumption. Tozier, 469 So.2d at 886; see, e.g., Conda v. Plain, 222 So.2d 417 (Fla. 1969) (jury verdict was reinstated after trial judge improperly entered a judgment notwithstanding the verdict where defendant testified that the plaintiff motorcycle driver switched suddenly into defendant's lane while defendant was passing plaintiff). The third category recognized by Florida courts as sufficient to rebut the presumption of negligence is when a vehicle has been illegally, and therefore unexpectedly, stopped. Tozier, 469 So.2d at 887; see, e.g., Railway Express Agency, Inc. v. Garland, 269 So.2d 708 (Fla. 1st DCA 1972), cert. denied, 275 So.2d 14 (Fla. 1973) (presumption rebutted where defendant driver of a bus improperly stopped on an expressway to pick up fallen debris); Ben's Seltzer, Inc. v. Markey, 254 So.2d 377 (Fla. 3d DCA 1971), cert. denied, 261 So.2d 176 (Fla. 1972) (presumption rebutted where plaintiff presented evidence that defendant was improperly stopped on a bridge).
Section 316.194(1), Florida Statutes (1991) provides in pertinent part:
(1) Upon any highway outside of a municipality, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave the vehicle off such part of the highway... .
Thus, a person violates this statute when he leaves his vehicle on a highway when it would have been "practicable to ... leave the vehicle" off the highway.
In this case, the defendant testified that he stopped behind Mr. Butt's vehicle because traffic in the lane immediately to his right prevented him from going around Mr. Butt's car. Mr. Butt testified, however, that prior to the defendant's arrival, other vehicles had been able to safely pass in the left lane without striking his car. The defendant also testified that there was a service lane to his left adequate enough to have fit most of his vehicle. When asked why he did not pull his vehicle into the service lane he replied:
Because everything happened so quickly. I arrived to where Mr. Butt was, rolled down my window and I said, "Are you okay?" He answered, "I just need somebody to call the cops." Then he yelled, "Look out."
From the facts as established by this testimony, we conclude that the plaintiff presented evidence from which a jury could find that the defendant was improperly *577 stopped in a through lane of the highway, or that it may have been practicable for him to leave his car off the main-traveled portion of the highway. Consequently, it was error for the trial judge to enter the summary judgment in the defendant's favor.
Accordingly, the summary judgment is reversed.