622 So.2d 1141 (1993)
Suzanne KLIPPER, Appellant/Cross-Appellee,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a foreign corporation, and Gloria Dennison, Appellees/Cross-Appellants.
No. 92-02826.
District Court of Appeal of Florida, Second District.
August 13, 1993.
*1142 Daniel J. Leeper of Beltz, Ruth & Newman, P.A., St. Petersburg, for appellant/cross-appellee.
Daniel P. Mitchell and Karen O. Wadler of Mitchell and Carter, P.A., Tampa, for appellees/cross-appellants.
THREADGILL, Judge.
Suzanne Klipper appeals a final judgment awarding her damages of $19,032.99, in her action for negligence against Gloria Dennison and in her action for uninsured motorist benefits against Government Employees Insurance Company (GEICO). GEICO cross-appeals on the ground that the jury failed to deduct collateral source benefits from the total award. We reverse and remand for a new trial.
Klipper sued Dennison for injuries sustained when Klipper drove into the rear of Dennison's motor vehicle which was disabled and stopped in the left lane of Interstate 4 between Tampa and Orlando. As Klipper was trying to start her car and turn on the lights after the collision, another car, driven by Daniel Beachy, ran into the rear of Klipper's car. The accident occurred at night on April 22, 1988, on an unlighted section of the highway. Klipper's head and body hit the steering wheel upon both impacts. She suffered injury to her spine, back, and jaw. The accident aggravated a preexisting congenital defect in her spine and back.
The jury returned a verdict finding Klipper 68% negligent and Dennison 32% negligent. The total award was $59,478.12, which consisted of $43,978.12, for past medical expenses, $5,000, for future medical expenses, and $15,000, for pain and suffering. The trial court entered judgment on June 18, 1992, awarding Klipper $19,032.99 (32% of $59,478.12).
Klipper raises three issues on appeal. Two of the issues warrant a new trial; the third issue merely reargues the first two.
As to the first issue, we agree that the trial court committed reversible error by instructing the jury on the presumption of negligence which arises from *1143 rear end collisions, even though the presumption had been rebutted. A presumption of negligence attaches to the driver of the rear vehicle in a rear end collision. Tozier v. Jarvis, 469 So.2d 884, 885 (Fla. 4th DCA 1985). When the presumption is rebutted, however, the matter goes to the jury without the aid of the presumption, "which has been reduced to the status of a permissible inference or deduction which the jury may or may not draw from the evidence before it." Gulle v. Boggs, 174 So.2d 26, 29 (Fla. 1965). The presumption dissipates when evidence is produced that "fairly and reasonably tends to show that the real fact is not as presumed, ..." Id.; Liriano v. Gonzalez, 605 So.2d 575, 576 (Fla. 3d DCA 1992).
In this case, GEICO and Dennison moved for a directed verdict on the ground that Klipper had failed to rebut the presumption of negligence attributed to her for the rear end collision. The trial court found that Klipper had successfully rebutted the presumption and denied the motion. The trial court's ruling is supported by substantial competent evidence. The presumption may be successfully rebutted by evidence of mechanical failure, a sudden and unexpected stop, or an illegal and, therefore, unexpected stop by the car in front. Tozier, 469 So.2d at 886; Liriano, 605 So.2d at 576. The evidence, acknowledged by the trial court in denying the motion for directed verdict, suggests that although Dennison's car was disabled, she and her passengers might have been able to prevent the collision. The car contained several adult passengers; however, no one attempted to move the car onto the median or to signal oncoming traffic. The evidence showed that there was at least enough time for the owner of the car to get out, raise the hood, and look underneath it. Dennison testified that she did not attempt to turn on the emergency lights and that the car was otherwise not illuminated.
Notwithstanding that it found evidence to rebut the presumption of negligence, the trial court instructed the jury as follows:
When the lead vehicle is located within its proper lane on the highway, a presumption of negligence is raised as to the driver of the rear vehicle in a rear end collision, and the burden is upon the driver of the rear vehicle to produce evidence which fairly and reasonably tends to show that he or she was not negligent in such a way as to cause the rear end collision.
Although the court did not direct the jury to find negligence based on the presumption, once the presumption disappears an instruction as to its effect is error. See Baker v. Deeks, 176 So.2d 108, 109 (Fla. 2d DCA 1965). Reversal is required where jury instruction could have reasonably confused or misled the jury. Cf. Goldschmidt v. Holman, 571 So.2d 422, 425 (Fla. 1990). The above instruction on the applicable law could have reasonably misled the jury into believing it could presume Klipper's negligence.
We also reverse on the second ground raised in Klipper's brief, the trial court's denial of an instruction on concurrent cause. Failure to give the instruction was error because there was evidence to show that Klipper's injuries were caused in part by the second impact and by a preexisting medical condition. Thus, the jury could reasonably have been confused as to how to apportion liability. See Goldschmidt, 571 So.2d at 425.
Klipper was entitled to have the jury instructed on the law applicable to the issues raised by the evidence. See Ruiz v. Cold Storage and Insulation Contractors, Inc., 306 So.2d 153, 154 (Fla. 2d DCA 1975). The evidence was undisputed that her head and body hit the steering wheel upon both the first and second impacts. Because the two impacts operated contemporaneously to produce a single injury, they constitute concurring causes. See Goldschmidt, 571 So.2d at 442. The evidence was also undisputed that both impacts traumatized Klipper's preexisting congenital back defect. Failure to instruct the jury on concurrent cause where there is evidence that negligence combined with a preexisting condition to cause the injury is error. See Miller *1144 v. Court, 510 So.2d 926, 927 (Fla. 4th DCA 1987).
Decisions regarding jury instructions are within the sound discretion of the trial court and should not be disturbed on appeal absent prejudicial error. Goldschmidt, 571 So.2d at 425. Nevertheless, reversal of a judgment is required when the instructions are calculated to confuse or mislead the jury. Id.
The trial court read Florida's Standard Jury instruction 5.1a. on legal cause generally;[1] however, the trial court did not give the Standard Jury Instruction 5.1b. on concurring cause.[2]
The "Note on Use" following Standard Jury Instruction 5.1 provides:
Charge 5.1b. (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his negligence by reason of some other cause concurring in time and contributing to the same damage.
Given the evidence to show that Mr. Beachy, the driver of the third car, or Klipper's preexisting physical defect may have contributed to the injuries, it was error to refuse an instruction that would negate any inference that Dennison was not liable for the extent of injury due to these other causes.
We also find merit in GEICO's cross-appeal. Although the jury was properly instructed, it is apparent that it failed to deduct the collateral source payments made by GEICO. No remand on this issue is necessary, however, in light of our decision in the direct appeal.
We therefore reverse and remand for a new trial on liability and damages.
Reversed.
DANAHY, A.C.J., and PARKER, J., concur.
NOTES
[1] Standard Jury Instruction 5.1a. provides: Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
[2] Standard Jury Instruction 5.1b. on concurrent cause provides: In order to be regarded as a legal cause of injury or damage, negligence need not be the only cause. Negligence may be a legal cause of injury or damage even though it operates in combination with the act of another or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such injury or damage.