763 So.2d 1067 (1999)
Steven ANTOKAL and Cathleen Antokal, his wife, Appellants,
v.
Vicente LLANA, Appellee.
Nos. 98-1182, 98-2646.
District Court of Appeal of Florida, Fourth District.
August 18, 1999.
*1068 Dan W. Moses, Boca Raton, and R. Fred Lewis of Kuvin Lewis Restani & Stettin, P.A., Miami, for appellants.
Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., and L. Kenneth Barnett of Barnett & Bernard, P.A., Fort Lauderdale, for appellee.
CHAVIES, MICHAEL, Associate Judge.
Plaintiffs below, Steven and Cathleen Antokal, challenge the denial of their motion for a directed verdict on the issue of liability against the appellee. We agree that a directed verdict should have been granted. Accordingly, we reverse.
The Antokals sued Mr. Vicente Llana (Llana) as a result of an automobile collision when their vehicle was struck from behind by Llana's vehicle. Steven Antokal, the driver, was entering onto the on ramp for I-95 from eastbound Southwest 10th Street in Deerfield Beach when struck by Llana. Antokal testified that trucks were entering onto the on ramp and he slowed down, was looking to the left to see the traffic, and was hit in the rear about three car lengths past the yield sign. He further testified that there were trucks coming down the ramp and he slowed down, tapping on his brakes, because if he did not, he would have been pushed into oncoming traffic. Antokal stated that he made no sudden stops and that his car was not off to the right.
The defendant, Llana, testified that when he got to the yield sign, he stopped, looked to his left, saw nothing coming, and proceeded to accelerate. He was accelerating approximately one and one-half seconds when he hit Antokal's car. When questioned as to why he did not see Antokal's car, Llana answered that he guessed that he did not see Antokal's car when he hit it because it was off to the right towards the shoulder. Llana further stated that he saw no reason why Antokal should have stopped or slowed down, since no *1069 traffic was blocking him from continuing down the entrance ramp.
It is well established that in a rear-end motor vehicle collision, there is a rebuttable presumption that the following driver was negligent when colliding with the leading driver. See Guile v. Boggs, 174 So.2d 26 (Fla.1965). The presumption dissipates, however, when the rear driver produces evidence which "fairly and reasonably tends to show that the real fact is not as presumed." Id. at 29. Thus, as stated in Gulle, in order to present the issue of negligence to the jury, the defendant must produce evidence which meets the above stated standard.
In Tozier v. Jarvis, 469 So.2d 884 (Fla. 4th DCA 1985), the three recognized categories of affirmative explanations that will serve to rebut the presumption of negligence were set forth. The first category is where mechanical failures caused the rear driver to collide with the lead driver. Id. at 886. The second category is where there is positive testimony of a sudden unexpected stop or unexpected switching of lanes by the car in front. Id. Finally, the third category is where the lead car has been illegally, and, therefore, unexpectedly stopped. Id. at 887. If evidence of any of these three explanations is produced, the presumption has been rebutted and vanishes, and the case must go to the jury on the issue of negligence.
In the instant case, the only category which might arguably apply is that having to do with a "sudden unexplained stop or unexplained switching of lanes," by the Antokal vehicle. Once again, Antokal testified that he slowed down, tapping his brakes as he passed the yield sign. Llana's testimony was that he did not even see the lead car because it was off to the right. Therefore, Llana did not testify to a sudden stop or unexpected lane switch. There is, then, simply no record support to rebut the presumption in favor of the plaintiffs below.
Accordingly, we reverse and remand for the entry of a directed verdict on liability and a trial on the issue of damages.
Based upon the foregoing, the final judgment for attorney's fees and costs is also reversed.
WARNER, C.J. and SHAHOOD, J., concur.