RAMIREZ, J.
Sunset Harbour North Condominium Association, plaintiff at the trial level, appeals the entry of summary final judgment in favor of appellee Sara Bedzow. We affirm because Sara Bedzow is not personally liable for deceptive trade practices and is not responsible for the dissemination of misleading advertisements.
Yacht Club Southeastern, Inc., a wholly owned subsidiary of Pacific International Equities, Inc., developed Sunset Harbour North condominiums. Sara Bedzow is a director and vice president of Pacific International and each of its subsidiaries. Her husband Charles Bedzow is the president. The Association brought suit against Yacht Club Southeastern and Charles and Sara Bedzow individually as officers and directors of the corporation. Count IV alleged unfair and deceptive trade practices against the developer and the Bedzows for representing that the condominium would be “state of the art” and would include certain amenities which it does not. Count V alleges that the developer and the Bedzows engaged in a pattern of racketeering by disseminating misleading advertisements.
Both sides moved for summary judgment as to the Bedzows’ liability in their individual capacity. The trial court granted summary judgment in Sara’s favor, finding that there was no evidence of her personal involvement in the marketing of Sunset Harbour North and therefore she was not personally liable.
The Association argues that the law creates a rebuttable presumption that a person receiving the benefit of any misleading advertisement is responsible for it. The Association relies upon section 817.41(4), Florida Statutes (1997), which provides as follows:
(4) There shall be a rebuttable presumption that the person named in or obtaining the benefits of any misleading advertisement or any such sale is responsible for such misleading advertisement or unlawful sale.
It is undisputed that Sara Bedzow was not named in any advertisement. Furthermore, the Association has not shown that she “obtain[ed] the benefits of any misleading advertisement.” If anyone derived a benefit from marketing the condominiums, it was the corporation, not Sara Bedzow. She benefitted only to the same extent as any shareholder which, without more, would not impose personal liability. The Association argues that the presumption alone is sufficient to create an issue of fact, thereby precluding summary judgment. See, e.g., Gulle v. Boggs, 174 So.2d 26, 28-29 (Fla.1965). The problem is that the Association could present no evidence that the statute creating the presumption applied to Sara Bedzow so as to pierce the corporate veil. See Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984); Lipsig v. Ramlawi, 760 So.2d 170, 187 (Fla. 3d DCA 2000)(absent showing that corporation was formed for an im *202 proper purpose, corporate veil will not be pierced).
Because it is undisputed that Sara Bed-zow never participated in marketing the condominiums, she could not have engaged in a pattern of racketeering by disseminating misleading advertisements. Section 772.103, Florida Statutes (2002), requires active participation in an enterprise, a much closer nexus than we find here. To be liable, Sara Bedzow must be found to have engaged in at least two incidents of criminal activity. See § 772.102(4), Fla. Stat. (2002). The criminal activity alleged in this case is the dissemination of misleading advertisements in violation of section 817.41, Florida Statutes (1997). Sara Bed-zow did not disseminate any advertisements. Thus, summary judgment in her favor was also proper as to Count V.
Affirmed.