REDNOUR v HASTINGS MUTUAL INSURANCE COMPANY

Docket No. 216025. Submitted December 11, 2000, at Detroit. Decided April 20, 2001, at 9:20 A.M. Leave to appeal sought.

Nickolas Rednour brought an action in the Oakland Circuit Court against Hastings Mutual Insurance Company, seeking personal injury protection (PIP) benefits for injuries sustained in an accident that occurred in Ohio when the plaintiff was hit by an automobile while in the process of changing a flat tire on a vehicle he was driving that was insured by the defendant. The court, J. Phillip Jourdan, J., granted summary disposition in favor of the defendant on the basis that the plaintiff was not an "occupant" of the insured automobile at the time of the accident as required by MCL 500.3111. The plaintiff appealed, alleging that the policy's definition of "occupying" as "in, upon, getting in, on, out or off" should be construed to include the circumstances of the plaintiff's injury.

The Court of Appeals held:

The plaintiff was not precluded from claiming the PIP benefits under the terms of the no-fault policy involved. The order granting summary disposition must be reversed and the matter must be remanded for further proceedings.

1. Section 3111 does not include "entering into" or "alighting from" a vehicle as acts that would trigger PIP benefits for an out-of-state accident and those acts are separate from "occupying" a vehicle for purposes of interpreting the term "occupant" in § 3111. However, the policy involved here expressly includes getting in, on, out of, or off a vehicle in the definition of "occupying" and provides PIP benefits for those acts with respect to out-of-state accidents. The insurance policy's broader definition and coverage is controlling.

2. The parties did not intend the broad definition of "occupying" used in the policy to exclude the injuries suffered by the plaintiff, as the driver of a temporarily disabled vehicle, upon getting out of the vehicle and proceeding to repair a flat tire.

Reversed and remanded.

INSURANCE — NO-FAULT — CONTRACTS — BROADER COVERAGE — SUPPLEMENTAL COVERAGE.

A no-fault insurance policy may provide broader coverage than that mandated under the no-fault insurance act and may provide supplemental coverage for benefits not required by the act; the insurance policy in such instances, as a contractual agreement between the parties, governs the coverage (MCL 500.3101 *et seq.*).

*Logeman, Iafrate, Januszewski & Pollard, P.C.* (by *Robert E. Logeman* and *James A. Iafrate*), for the plaintiff.

*Small, Toth, Baldridge & Van Belkum, P.C.* (by *Keith P. Felty*), for the defendant.

Before: McDonald, P.J., and Neff and Fitzgerald, JJ.

Per Curiam. Plaintiff appeals as of right the trial court's grant of summary disposition in favor of defendant, in which the court found that plaintiff was not entitled to personal injury protection (PIP) benefits because he was not an occupant of the insured automobile, as required by the no-fault act.[1] We reverse and remand.

I

On March 2, 1997, plaintiff was driving an automobile, insured by defendant, in Ohio when the left rear tire became flat. Plaintiff stopped the automobile on the shoulder of the road and got out to change the tire. While plaintiff was changing the tire, he was struck by another automobile and pinned between the vehicles. Plaintiff sustained multiple injuries, includ-

---

[1] MCL 500.3101 *et seq.*

ing leg fractures and severe orthopedic injuries requiring hospitalization, surgery, and rehabilitation.

Plaintiff filed suit against defendant after defendant refused to pay plaintiff PIP benefits under the applicable no-fault insurance policy. Defendant moved for summary disposition pursuant to MCR 2.116(C)(10), contending that plaintiff could not obtain PIP benefits under the no-fault act, MCL 500.3111, for injuries sustained in an out-of-state accident because plaintiff was not an "occupant" of the insured automobile at the time he sustained his injuries. The trial court agreed and granted defendant's motion for summary disposition.

II

This Court reviews a motion for summary disposition de novo. *Arias v Talon Development Group, Inc*, 239 Mich App 265, 266; 608 NW2d 484 (2000). In reviewing a motion for summary disposition under MCR 2.116(C)(10), we must determine whether the evidence proffered failed to establish a genuine issue of material fact, thus entitling the movant to judgment as a matter of law. *Id.* A motion under MCR 2.116(C)(10) tests the factual support for a claim; a court considers the affidavits, admissions, and other documentary evidence in a light most favorable to the nonmoving party. *Id.*; *American Transmission, Inc v Channel 7 of Detroit, Inc*, 239 Mich App 695, 701; 609 NW2d 607 (2000).

A

At issue is whether plaintiff is entitled to PIP benefits under the applicable no-fault insurance policy for

injuries sustained when he was struck by another vehicle as he got out of the vehicle he was driving and proceeded to repair a driver's-side flat tire that had temporarily disabled his vehicle on the shoulder of the highway. We conclude that under the terms of the no-fault policy, plaintiff is not precluded from claiming PIP benefits and, therefore, summary disposition on this basis was improper.

B

Our courts have recognized that while the no-fault act mandates certain minimal coverage, a policy of insurance may provide broader coverage than that mandated under the statute or may provide supplemental coverage for benefits not required by the no-fault act. *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 525, 530, n 10; 502 NW2d 310 (1993) *(Rohlman I)*; *Rohlman v Hawkeye-Security Ins Co (On Remand)*, 207 Mich App 344, 350; 526 NW2d 183 (1994) *(Rohlman II)*. In the latter two instances, it is the insurance policy as a contractual agreement between the parties that governs the coverage, rather than the statutory provisions of the no-fault act, and this Court is thus bound by the rules of contract interpretation. *Rohlman I, supra* at 524-525; *Rohlman II, supra* at 350; see also *Royal Globe Ins Cos v Frankenmuth Mut Ins Co*, 419 Mich 565, 573; 357 NW2d 652 (1984).

Under Michigan's no-fault act, PIP benefits for out-of-state accidents are governed by MCL 500.3111. *Rohlman I, supra* at 526-527, & n 5. Section 3111 provides:

Personal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs within the United States, its territories and possessions or in Canada, and the person whose injury is the basis of the claim was at the time of the accident a named insured under a personal protection insurance policy, his spouse, a relative of either domiciled in the same household *or an occupant of a vehicle involved in the accident* whose owner or registrant was insured under a personal protection insurance policy or has provided security approved by the secretary of state under subsection (4) of section 3101. [Emphasis added.][2]

In interpreting the term "occupant" in § 3111, the Supreme Court in *Rohlman I, supra* at 531, determined that "[t]he Legislature expressly recognized that 'entering into' and 'alighting from' are acts separate from 'occupying' a vehicle."[3] Thus, the Court found that § 3111 "does not include 'entering into' or 'alighting from' the vehicle as acts that would trigger personal protection benefits for an out-of-state accident." *Rohlman I, supra* at 531. On the contrary, the policy issued by defendant in this case expressly includes getting in, on, out of, or off[4] a vehicle in the definition of occupying, and provides PIP benefits for such acts with respect to out-of-state accidents:

EXCLUSIONS:

---

[2] It is undisputed in this case that plaintiff qualifies, if at all, under the statute only if he is an occupant because he is not a named insured or the named insured's spouse, or a relative of either domiciled in the same household.

[3] The *Rohlman I* Court perceived no difference in the term "occupant" used in § 3111 and the term "occupying" used in the insurance policy at issue. *Rohlman I, supra* at 522, n 1.

[4] The Supreme Court in *Rohlman I, supra* at 527-528, & n 8, observed that the terminology "in or upon or entering into or alighting from" is materially indistinguishable from the terminology "in, upon, getting in, on, out or off."

A. We do not provide Personal Injury Protection Coverage for "bodily injury":

*     *     *

3. Sustained by any "insured"[5] while not "occupying" an "auto" if the accident takes place outside Michigan. However, this exclusion (A3.) does not apply to:
   a. You; or
   b. Any "family member".

The insurance policy defines "occupying" as "in, upon, getting in, on, out or off," and this definition is controlling for purposes of our analysis. See *Royal Globe, supra* at 573-574.

The coverage of the policy is indisputably broader than the statutory coverage under § 3111 of the no-fault act.[6] Consequently, the policy controls, and we are bound to determine, from the policy language, the apparent intention of the contracting parties. *Rohlman I, supra* at 530, n 10; *Rohlman II, supra* at 350. "Doubtful or ambiguous terms must be construed in favor of the insured and against the insurer, the drafter of the contract." *Id.*, citing *Royal Globe, supra* at 573.

---

[5] There appears to be no dispute that plaintiff is an "insured" under the policy at issue.

[6] Although defendant contends that the policy contains a provision limiting coverage to the statutorily mandated benefits, we cannot agree. The policy's statement that "benefits are subject to the provisions of the Michigan Insurance Code" is not a statement of limitation, e.g., "benefits are subject to the limitations of the Michigan Insurance Code," and we may not so interpret it, in a manner favorable to defendant, the drafter of the policy. Doubtful or ambiguous terms in an insurance policy must be construed against the insurer as the contract drafter. *Royal Globe, supra* at 573. See also *McKenzie v Auto Club Ins Ass'n*, 458 Mich 214, 226; 580 NW2d 424 (1998) (general limitation on policy coverage stated " "[w]e agree to pay only as set forth in the Code [defined as the Michigan no-fault law] the following Benefits . . . " ").

C

Under the express terms of the insurance policy, plaintiff is excluded from PIP benefits for the Ohio accident only if he was not "occupying" the vehicle, defined as "in, upon, getting in, on, out or off" the vehicle, at the time he sustained injury. The words "in, upon, getting in, on, out or off"[7] are subject to interpretation. See, e.g., *Rohlman II, supra* at 354-357 (interpreting the parties' intent with respect to the word "upon").

We cannot conclude that the parties to the insurance agreement at issue intended that the broad definition of "occupying" used in the policy would exclude the circumstances of plaintiff's injury in this case. Plaintiff sustained injuries as the driver of a temporarily disabled automobile, upon getting out of the vehicle and proceeding to repair a flat tire. The parties could not have intended that the driver of an automobile would be covered for PIP benefits if struck by a vehicle as he was stepping out of the vehicle's doorway, but not if struck the moment his body had moved from the door threshold to the vehicle's tire. Plaintiff was within six inches of the vehicle, still in sufficient contact with the vehicle so as to be pinned against it upon impact and surely within the context of "in, upon, getting in, on, out or off" the vehicle, having been in physical contact with the vehicle upon impact. See *id.* at 357 (the term "upon" requires at a minimum some physical contact with the covered automobile, but not that a "person be positioned so

---

[7] The words "out or off" are most reasonably read in connection with the preceding word "getting" to mean "getting out or off." *Rohlman II, supra* at 351.

that [he] is totally and completely in contact with or supported by the underlying object").

Even were we to find the interpretation of the policy language debatable, we are compelled to our determination by the well-embedded rule to strictly construe ambiguous policy language against the insurer. *Royal Globe, supra* at 573; *Nickerson v Citizens Mut Ins Co*, 393 Mich 324, 330; 224 NW2d 896 (1975). We therefore conclude that the provisions of the insurance policy govern plaintiff's entitlement to PIP benefits and do not preclude coverage in this case for plaintiff's injuries.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.