861 So.2d 1185 (2003)
Ruth Hester MEYER, Appellant/Cross-Appellee,
v.
James A. HUTCHINSON and Clara F. Hutchinson, Appellees/ Cross-Appellants.
Nos. 5D02-3044, 5D03-144.
District Court of Appeal of Florida, Fifth District.
December 5, 2003.
Rehearing Denied January 9, 2004.
*1186 Dennis E. Dabroski of Boydstun, Dabroski, Lyle & Wood, P.A., St. Petersburg, for Appellant/Cross-Appellee.
R. Wayne Miller and Charles P. Schropp of Schropp, Buell & Elligett, P.A., Tampa, for Appellees/Cross-Appellants.
PETERSON, J.
Ruth Hester Meyer ("Meyer") timely appeals a jury verdict and judgment in an auto negligence case in favor of James A. Hutchinson ("James") and Clara F. Hutchinson ("Clara") (together the "Hutchinsons").
This appeal involves two issues: I. Whether the contractual provisions of Meyer's Michigan automobile insurance policy provided the coverage required by Florida's no-fault financial responsibility law; and II. Whether two proposals for settlement from the Hutchinsons to Meyer were valid.

I. CONTRACTUAL PROVISIONS
Meyer admitted liability for the accident in which her automobile rear-ended the Hutchinsons' automobile at a low rate of speed in heavy traffic on Interstate 75. The trial was limited to the issue of damages for injuries that each of the Hutchinsons claimed to have received as a result of the collision. Meyer had raised the affirmative defense that the Hutchinsons had not sustained the threshold injuries which would entitle them to recover for pain, suffering, mental anguish and inconvenience under section 627.737(2), Florida Statutes (1999). She contends entitlement to the threshold defense because at the time of the accident she was covered by a Michigan Farm Bureau Insurance policy that complies with the Florida no-fault law requirements. The trial court granted the Hutchinsons' motion in limine to deny a threshold injury instruction finding that the Michigan policy did not extend personal injury protection (PIP) within the state of Florida and therefore, the permanency threshold requirement was not applicable. The trial court determined that the language in Meyer's Michigan automobile insurance policy was ambiguous and did not specifically indicate that PIP coverage is provided in states other than Michigan.
Meyer's Michigan automobile policy contains the following language:
It is agreed that Part ILiability is amended by the addition of the following language:

Out-of-State Coverage
If an insured is in another state or Canada and, as a non-resident, becomes subject to its motor vehicle compulsory *1187 insurance, financial responsibility, or similar law:
(a) this policy will be interpreted to give the coverage required by the law and
(b) the coverage given replaces any coverage in this policy to the extent required by the law for the insured's operation, maintenance, or use of an owned automobile, a temporary substitute automobile, or a non-owned automobile.
Any coverage so extended shall be reduced to the extent other coverage applies to the accident. In no event shall anyone collect more than once.
The trial court's construction of an insurance policy to determine coverage as a matter of law is subject to de novo review. E.g., Hartford Ins. Co. v. Bellsouth Communications, Inc., 824 So.2d 234 (Fla. 4th DCA 2002).
Section 627.737, Florida Statutes, is the authority for a "threshold defense" under which Meyer contends her Michigan insurance policy provides. The pertinent parts of section 627.737 include:
(1) Every owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, and every person or organization legally responsible for his acts or omissions is hereby exempted from tort liability for damages because of bodily injury, sickness, or disease arising out of the ownership, operation, maintenance or use of such motor vehicle in this state....
(2) In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness or disease arising out of the ownership, maintenance, operation or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
(a) significant and permanent loss of an important bodily function.
(b) permanent injury within a reasonable degree of medical probability other than scarring or disfigurement.
(c) significant and permanent scarring or disfigurement.
(d) death.
Before a claimant can recover the non-economic damages, described in section 627.737(2), the claimant must establish a threshold injury as described in section 627.737(2)(a)-(d). E.g., Sweitzer v. Thomas, 834 So.2d 283, (Fla. 5th DCA 2002); see also Giles v. Luckie, 816 So.2d 248 (Fla. 1st DCA 2002). Meyer contends that the trial court erred by refusing to require the Hutchinsons to prove a threshold injury necessary to recover for non-economic damages.
In Spence v. Hughes, 500 So.2d 538 (Fla. 1987), the Florida Supreme Court adopted this court's decision in Spence v. Hughes, 485 So.2d 903 (Fla. 5th DCA 1986), in which non-residents of Florida who voluntarily obtain PIP coverage conforming to Florida's no-fault law were held to be exempt from tort liability under section 627.737 to the same extent as Florida residents who had obtained the required statutory coverage. In Spence, the plaintiff sued a non-resident for injuries sustained in an automobile accident in Florida. The non-resident had PIP coverage from another state which met the requirements of the Florida no-fault statute. Although the plaintiff did not suffer a threshold injury, she argued that she was entitled to pain and suffering. Spence held that the exemption *1188 applies not only to those individuals required by Florida statute to provide PIP coverage, but to everyone, whether a resident or a non-resident, who actually provides PIP coverage which conforms to the no-fault law.
Meyer contends, and we agree, that her policy specifically provides coverage required under any state's financial responsibility laws when the insured vehicle is being operated in that state. The trial court concluded that the Michigan insurance policy does not provide coverage under the PIP statute because of the "location" of the insuring language in the policy. The policy includes a "Michigan No-Fault Insurance Endorsement," the terms of which were obviously intended to comply with Chapter 31 of the Michigan Insurance Code, and no other jurisdiction. The location in the policy of the provision in issue is an endorsement that applies to Part I of the policy entitled "Liability" that extends coverage for personal injury and property damage to third persons. We conclude that the location of the endorsement and limitation of its applicability to the liability section of the policy does not limit the intent of the provision to extend coverage to the insured while in another state in such a manner as to comply with that state's "motor vehicle compulsory insurance, financial responsibility or similar law...." The broad language employed by Michigan Farm Bureau incorporates by reference those laws of foreign jurisdictions and eliminates a voluminous inclusion of the details of laws of all of the other jurisdictions. The endorsement simply provides that whatever Florida requires as compulsory insurance or financial responsibility when Meyer operates, maintains or uses her automobile in Florida, that coverage is provided by the policy.
Florida courts have long held that insurance contract provisions are not to be construed as meaningless. See, e.g., Premier Ins. Co. v. Adams, 632 So.2d 1054 (Fla. 5th DCA 1994). "Where the terms of an insurance policy are susceptible to two interpretations, that interpretation which sustains a claim for indemnity will be adopted. Any ambiguity in an insurance policy must be resolved against the insurer." Howard v. American Servs. Mutual Ins. Co., 151 So.2d 682, 686 (Fla. 3rd DCA 1963). Florida courts have also long held that ambiguities in insurance coverage are resolved in favor of the insured. See, e.g., Deni Assocs. of Fla., Inc. v. State Farm Ins., 711 So.2d 1135, 1138 (Fla.1998); Excelsior Ins. Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 942 (Fla. 1979); Jefferson Ins. Co. v. Sea World, 586 So.2d 95, 97 (Fla. 5th DCA 1991); Saha v. Aetna, 427 So.2d 316 (Fla. 5th DCA 1983). The courts of Michigan also follow that policy. See, e.g., Port Huron Educ. Assoc. v. Port Huron Area School District, 550 N.W.2d 228 (Mich.1996); Rednour v. Hastings Mutual Ins. Co., 245 Mich.App. 419, 628 N.W.2d 116 (2001).
If we agreed with the trial court that the pertinent language of Meyer's Michigan automobile insurance policy was ambiguous, the insurance policy still must be read in favor of coverage for Meyer in order to resolve the ambiguity in her favor. Under either analysis, Meyer had the requisite no-fault coverage while operating her car in Florida and the threshold injury defense should apply.

II. PROPOSALS FOR SETTLEMENT
Both Clara and James made joint proposals for settlement to Meyer for their respective injury claims combined with the consortium claim of the other. Neither of the two proposals for settlement apportioned the amounts attributable to the personal injury and consortium claims.
*1189 The trial court awarded attorney's fees pursuant to section 768.79, Florida Statutes (2002), based on this court's holding in Spruce Creek Development Co. of Ocala v. Drew, 746 So.2d 1109 (Fla. 5th DCA 1999). Spruce Creek held that the lack of apportionment in an offeror's proposal for settlement did not render the proposal invalid. Meyer contends that the joint proposals for settlement served in this case are invalid for failing to apportion the settlement amount between the two parties and therefore the award of attorney's fees below is in error.
Florida Rule of Civil Procedure 1.442(c)(3) requires that a proposal for settlement "shall" state the amount and terms attributable to each party:
(3) A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.
"The provision which requires that a joint proposal state the amount and terms attributable to each party is in order to conform with Fabre v. Marin, 623 So.2d 1182 (Fla.1993)." Rule 1.442 Committee Note, 1996 Amendment. The Florida Supreme Court in Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 279 (Fla.2003), held that rule 1.442(c)(3) "must be strictly construed because the offer of judgment statute [section 768.79] is in derogation of the common law rule that each party pay its own fees."
As noted, the trial court found the Hutchinsons' proposal to be valid based on Spruce Creek. This court in Matetzschk v. Lamb, 849 So.2d 1141 (Fla. 5th DCA 2003), has previously acknowledged that the Florida Supreme Court expressly disapproved of Spruce Creek in Willis Shaw Express, Inc., finding unapportioned proposals of settlement void under rule 1.442(c)(3) and section 768.79, Florida Statutes. Complying with Willis Shaw Express, Inc., we must find that the two Hutchinson proposals for settlement were void for clearly failing to apportion the proposal amount between the parties to whom they were directed.
The Hutchinsons could have avoided having their proposals declared void by simply including in each proposal for settlement that portion of the total amount of their settlement proposal attributable to each of the two parties as is required by section 768.79, Florida Statutes, rule 1.442(c)(3), and Willis Shaw Express, Inc.
We vacate the judgments and remand for a new trial allowing Meyer's threshold defense. We also reverse the trial court's finding that the proposals for settlement were valid.
REVERSED AND REMANDED.
SHARP, W., and TORPY, JJ., concur.