WEBSTER, J.
 

 Appellant, as the personal representative of her late husband’s estate, requests review of an adverse summary final judgment entered in her action seeking damages for the wrongful death of her husband. Because we conclude that the record demonstrates the existence of genuine issues as to material facts, we reverse.
 

 Appellant’s husband died as the result of a rear-end collision with a tow truck on Interstate 10 following a rain storm. The trial court entered summary judgment in favor of the appellees based upon its determination that appellant had “failed to provide ... evidence sufficient to overcome the presumption of negligence imposed on the rear driver in a rear-end collision.” Our standard of review is de novo.
 
 E.g., The Fla. Bar v. Cosnow,
 
 797 So.2d 1255, 1258 (Fla.2001);
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000).
 

 The law in Florida regarding summary judgments is well settled:
 

 
 *141
 
 [A] party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought.... A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law....
 

 If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.
 

 Moore v. Morris,
 
 475 So.2d 666, 668 (Fla. 1985) (citations omitted). Succinctly put, “[w]hen acting upon a motion for summary judgment, if the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied.”
 
 Jones v. Directors Guild of Am., Inc.,
 
 584 So.2d 1057, 1059 (Fla. 1st DCA 1991) (citations omitted).
 

 The summary judgment was based upon the trial court’s determination that appellant had “failed to provide ... evidence sufficient to overcome the presumption of negligence imposed on the rear driver in a rear-end collision,” citing
 
 Clampitt v. D.J. Spencer Sales,
 
 786 So.2d 570 (Fla.2001), and
 
 Tozier v. Jarvis,
 
 469 So.2d 884 (Fla. 4th DCA 1985). Those two cases stand for the general proposition that a rebuttable presumption of negligence on the part of the rear driver arises in rear-end collision cases and, accordingly, the burden rests on the rear driver to present evidence that “ ‘fairly and reasonably tends to show that the presumption of negligence is misplaced.”
 
 Clampitt,
 
 786 So.2d at 573 (quoting
 
 Guile v. Boggs,
 
 174 So.2d 26, 29 (Fla.1965)). Once such evidence is presented, the presumption dissipates, and the case must go to the jury “to reconcile the conflicts and evaluate the credibility of the witnesses and the weight of the evidence.”
 
 Gulle,
 
 174 So.2d at 29.
 
 See also Alford v. Cool Cargo Carriers, Inc.,
 
 936 So.2d 646, 650 (Fla. 5th DCA 2006). “There are three general categories of affirmative explanations that [have been held to] effectively rebut the presumption of negligence: 1) an abrupt and arbitrary stop in a place where it could not reasonably be expected or an unexpected change of lanes ...; 2) a mechanical failure, i.e., sudden brake failure, that causes the rear driver to collide with the lead driver ...; and 3) the lead vehicle is illegally and, therefore, unexpectedly stopped.”
 
 Id.
 
 at 649-50 (citations omitted).
 

 Having carefully reviewed the record, we conclude that, drawing every reasonable inference in favor of appellant, genuine issues exist as to material facts— i.e., whether appellee Foskey suddenly changed lanes and reduced his speed and, if so, whether the collision was caused by those actions. Accordingly, we conclude, further, that the trial court incorrectly determined that appellant had “failed to provide ... evidence sufficient to overcome the presumption of negligence imposed on the rear driver in a rear-end collision.” Therefore, we reverse the summary final judgment, and remand for further proceedings.
 

 REVERSED and REMANDED.
 

 WOLF and THOMAS, JJ., concur.