NORTHCUTT, Judge.
 

 Truman' McGill and his wife, Margo, sued Martin Perez and Dion’s Nursery and Transport Services for damagés suffered in a traffic accident. Perez and Dion’s Nursery moved for summary judgment on the issue of their negligence. A general magistrate heard their motion and recommended that it be granted. The circuit court adopted the magistrate’s recommendation and entered final summary judgment in favor of the defendants. We reverse.
 

 The traffic accident involved two commercial truck drivers. Mr. McGill was driving a tractor-trailer with a full load, and Mr. Perez was driving a truck pulling a trailer loaded with mulch for his employer, Dion’s Nursery. Mr. McGill was driving south in the right-hand lane of U.S. 27 and had the right of way. Mr. Perez was at a stop sign on a side road from which he intended to turn right and proceed south on U.S. 27. In his deposition he acknowledged seeing the headlights of a vehicle driving south on U.S. 27. But he believed that he had time to safely pull onto the main road. Mr. Perez turned right, into the merge lane and then moved into the right-hand, southbound lane of U.S. 27. Mr. McGill’s truck rear-ended him.
 

 Mr. Perez and Dion’s Nursery moved for summary judgment as a matter of law based on a rebuttable presumption that, in a rear-end collision, the following driver is negligent.
 
 See Guile v. Boggs,
 
 174 So.2d 26 (Fla.1965). They claimed that the McGill’s could present no facts that would overcome this presumption. The McGill’s filed a response disputing somé of the facts recited in the defendants’ motion and asserting facts that might establish Mr. Perez’s negligence. The issue before us, then, is whether the magistrate and the circuit court erred in determining that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law.
 
 See Shafran v. Parrish,
 
 787 So.2d 177, 179 (Fla. 2d DCA 2001) (explaining the standard for granting a summary judgment and citing Fla. R. Civ. P. 1.510(c)). Our review of this issue is de novo.
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000).
 

 As is proper on a motion for summary judgment, the magistrate’s recommendation was based solely on depositions and affidavits filed in support of and in opposition to the motion. It was undisputed that this accident occurred in the early morning hours and that it was dark. The parties differed about whether fog was present and about whether the road was wet. Mr. McGill claimed that the lights were not working on Mr. Perez’s truck; Mr. Perez insisted that they were: Mr. Perez admitted that he saw the lights of Mr. McGill’s truck both when Perez was at the stop sign -and during the time he was driving in the merge lane. Mr. McGill raised facts that may call into question
 
 *390
 
 whether Mr. Perez failed to properly yield when he merged onto the main roadway and whether Mr. Perez was able to attain a safe and reasonable speed once he merged onto U.S. 27. In his deposition, Mr. Perez testified that he began flashing his rear lights when he realized Mr. McGill’s truck was coming up behind him. Mr. McGill claims this fact could demonstrate that Mr. Perez realized he had erred by entering the roadway before allowing Mr. McGill’s truck to pass by.
 

 When reviewing a summary judgment, we must “draw every inference in favor of the party against whom the summary judgment was entered.”
 
 Galaxy Fireworks, Inc. v. Bush,
 
 927 So.2d 995, 996 (Fla. 2d DCA 2006). The presumption that the following driver in a motor vehicle accident is negligent can be rebutted when that driver “produces evidence which fairly and reasonably tends to show that the real fact is not as presumed.”
 
 Guile,
 
 174 So.2d at 28-29. In this case, disputed issues of material fact should have precluded entry of a summary judgment based on the presumption of negligence.
 

 For example, in
 
 Itiat v. Foskey,
 
 28 So.3d 140, 141 (Fla. 1st DCA 2010), the court noted that there were disputed issues of fact about whether the preceding driver suddenly changed lanes and reduced his speed, thereby causing or contributing to the crash. The court held that the existence of those questions precluded a summary judgment based on the presumption of negligence imposed on the following driver.
 
 See also Davis v. Chips Express, Inc.,
 
 676 So.2d 984 (Fla. 1st DCA 1996) (reversing summary judgment based on the presumption of negligence when the depositions and affidavits showed that disputed issues of fact existed about the possibility of inadequate lighting and the slow speed of the preceding truck).
 
 Cf. McCloud v. Swanson,
 
 681 So.2d 898 (Fla. 4th DCA 1996) (holding that the trial court erred in directing a verdict in favor of. the preceding driver when the following driver presented evidence, albeit slight, that the defendant’s vehicle suddenly changed lanes and stopped unexpectedly). The depositions and affidavits filed in this case contained similar factual disputes.
 

 Perez and Dion’s Nursery contend that
 
 Department of Highway Safety & Motor Vehicles v. Saleme,
 
 963 So.2d 969 (Fla. 3d DCA 2007), supports their position that summary judgment was correctly entered in their favor.. We disagree. A witness at the trial in that case observed the driver of the first car proceeding across the traffic lanes, and he did not testify that the lane change appeared sudden or unexpected. Moreover, the following driver was exceeding the posted speed limit of 55 miles per hour by at least 25 miles per hour. In
 
 Sáleme,
 
 the evidence was fully developed for trial. Here, the summary judgment was based on the depositions and affidavits of the parties, and they disagreed on material issues of fact. Mr. McGill presented facts that might establish negligence on the part of Mr. Perez. In
 
 Sáleme,
 
 the testimony showed that the preceding driver was in no way at fault in the accident.
 

 Moreover, even when a following driver cannot overcome the presumption of his own negligence, evidence showing that the lead driver may have been negligent as well presents jury issues of shared liability and apportionment of damages.
 
 See Sims v. Cristinzio,
 
 898 So.2d 1004, 1007 (Fla. 2d DCA 2005) (quoting
 
 Jefferies v. Amery Leasing, Inc.,
 
 698 So.2d 368, 370-71 (Fla. 5th DCA 1997));
 
 see also McCloud,
 
 681 So.2d at 900 (“[wjhere there is at least some evidence of negligence on the part of the lead car driver, the issue of fault should be resolved by the jury.”). Here, if
 
 *391
 
 facts developed in the affidavits and depositions could be read to show negligence on Mr. McGill’s part, they also could point to negligent actions by Mr. Perez. As such, according to
 
 Sims,
 
 the dispute should be presented to a trier of fact.
 

 We reverse the summary final judgment entered in favor of Mr. Perez and Dion’s Nursery. Our resolution of this issue renders the McGills’ second issue, concerning the magistrate’s report, moot. We remand for further proceedings in the circuit court.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and KHOUZAM, J., Concur.