BLACK, Judge.
Ana Jiminez appeals the judgment entered against her and in favor of George Faccone and the Estate of Rita Faccone[1] in a personal injury action stemming from an automobile accident. She also appeals the award of attorneys’ fees in favor of the Faccones. Ms. Jiminez raises several issues on appeal, including claims that the trial court erred in granting two pretrial motions for summary judgment. Because the trial court erred in granting those pretrial motions and thereby precluded Ms. Jiminez from presenting certain evidence in her defense at trial, we reverse the judgments and remand for a new trial. As a result, we also reverse the award of attorneys’ fees. We do not reach the final issue raised by Ms. Jiminez or the issue raised by George Faccone in his cross-appeal as both are rendered moot by our remand for new trial.
I. Background
George and Rita Faccone sued Ms. Jimi-nez for personal injuries allegedly sustained in an automobile accident. On the night in question, George Faccone was driving a 1986 Cadillac on Highway 41 in Collier County and was stopped in the left lane of a light-controlled intersection when his car stalled. There were six people in the vehicle, three of whom exited the vehicle in a failed attempt to push it through the intersection. Mr. Faccone testified that when he exited the vehicle, he activated the emergency flashers.
Ms. Jiminez,' driving a Nissan Sentra, approached the intersection in the same lane as the Faccone vehicle. It is undisputed that a van was travelling in the same lane, between her vehicle and the Faccone vehicle. Ms. Jiminez testified that both she and the van driver were travelling within the speed limit. She also stated that although it was dark and raining, she could see that the intersection light was green but could not see in front of the van. As the two vehicles approached the intersection, the van abruptly swerved into the right lane and Ms. Jiminez, unable to stop, collided with the rear of the Faccones’ vehicle. According to Ms. Jiminez, the *623 Faccones’ vehicle was not illuminated by lights, flashers or otherwise.
At the time of impact, George Faccone was outside of the vehicle; Rita Faccone was inside the vehicle, seated in the backseat with her seatbelt unbuckled. Although outside of his vehicle, George Faccone was not struck by Ms. Jiminez’s vehicle. His claimed injuries resulted from being pulled out of the way of the oncoming vehicle by his son. Rita Fac-cone claimed injuries to her neck and back.
Prior to trial, the Faccones moved for summary judgment, or alternatively, partial summary judgment as to the issue of liability for the accident. Specifically, the Faccones argued that because Ms. Jiminez struck the Faccones’ vehicle from behind, she was negligent and was the “sole cause” of the accident. The trial court granted the motion. Also pretrial, the Faccones moved for summary judgment on the issue of whether Ms. Jiminez was entitled to the threshold defense under section 627.737, Florida Statutes (1997), requiring the Fac-cones to establish a threshold injury in order to recover noneconomic damages. The trial court, adopting the magistrate’s findings and recommendation, granted the Faccones’ motion, thereby preventing Ms. Jiminez from presenting the threshold defense at trial.
The case proceeded to trial. In discussing jury instructions, the parties stipulated that the permanency threshold issue would be submitted to the jury to avoid potential retrial on that issue. Ultimately, the jury returned a verdict finding Ms. Jiminez eighty-five percent negligent for Rita Fac-cone’s injuries and seventy percent negligent for George Faccone’s injuries. The jury also found that neither of the Fac-cones had suffered a permanent injury in the accident.
The total damages awarded to the Estate of Rita Faccone were $82,985.18. The total damages awarded to George Faccone were $56,412. Included in the awards were damages for each of the Faccones’ loss of consortium claims. Interestingly, although the Faccones’ counsel requested only $1 in consortium damages for each of the Faccones, the jury awarded George Faccone $45,000 and Rita Faccone’s Estate $41,466.59. The award to the Estate was the exact amount awarded for past medical expenses. It appears that there may have been some jury confusion as to the nature of consortium damages. After deliberations had begun, the jury raised a question as to the proper measure of consortium damages. It was only at that point the court realized that the jury had not been previously instructed on the loss of consortium claims.
Following trial, the Faccones moved for attorneys’ fees based upon proposals for settlement. The trial court granted the motions and rendered judgment on the fee claim.
II. Analysis
Ms. Jiminez claims the trial court erred in granting both motions for summary judgment filed by the Faccones. Our standard of review is de novo, McGill v. Perez, 59 So.3d 388, 389 (Fla. 2d DCA 2011), and in so reviewing, “we must ‘draw every inference in favor of the party against whom the summary judgment was entered,’ ” id. at 390 (quoting Galaxy Fireworks, Inc. v. Bush, 927 So.2d 995, 996 (Fla. 2d DCA 2006)). - “Succinctly put, ‘[wjhen acting upon a motion for summary judgment, if the record raises the slightest doubt that material issues could be present, that doubt must be resolved against the movant and the motion for summary judgment must be denied.’” Itiat v. Foskey, 28 So.3d 140, 141 (Fla. 1st DCA 2010) *624 (alteration in original) (quoting Jones v. Dirs. Guild of Am., Inc., 584 So.2d 1057, 1059 (Fla. 1st DCA 1991)).
In granting the motion for summary judgment as to liability, the trial court determined that there were no issues of material fact in dispute and that Cevallos v. Rideout, 18 So.3d 661 (Fla. 4th DCA 2009), was “pretty much on all fours” with the facts of the Faccones’ case. Cevallos stands for the proposition that a “rear-driver plaintiff, like [a] rear-driver defendant, must prove that the lead-driver stopped abruptly and arbitrarily to rebut the presumption that the plaintiffs own negligence was the sole proximate cause of the accident.” 18 So.3d at 663. This presumption — that the rear-driver’s negligence was the sole cause of the accident—
is founded on the perceived need to somewhat lessen the burden borne by a plaintiff to prove two of the requisite elements of negligence — breach of the duty of care and causation — which are inherently difficult to establish in most rear-end collision cases because the driver of the lead vehicle, whose attention is usually focused on events in the front rather than the rear of the vehicle, generally knows that he or she was struck from behind but does not know why.
Alford v. Cool Cargo Carriers, Inc., 936 So.2d 646, 649 (Fla. 5th DCA 2006). “The rule does not require the rear-car driver to eliminate every possible inference of negligence on his part in connection with the accident before he is entitled to have the jury decide the case.” Sistrunk v. Douglas, 468 So.2d 1059, 1060 (Fla. 1st DCA 1985). The driver of the rear vehicle “is required only to produce evidence from which his exercise of reasonable care under the circumstances could properly be inferred by the jury.” Id. at 1060-61. Thus, the driver of a rear vehicle is presumed negligent unless the rear driver “ ‘produces evidence which fairly and reasonably tends to show that’ ” the presumption is misplaced. McGill, 59 So.3d at 390 (quoting Gulle v. Boggs, 174 So.2d 26, 28-29 (Fla.1965)). “If the rear driver presents sufficient evidence to rebut the presumption, the case is submitted to the jury, without the aid of the presumption, ‘to reconcile the conflicts and evaluate the credibility of the witnesses and the weight of the evidence.’ ” Alford, 936 So.2d at 650 (quoting Guile, 174 So.2d at 29).
Florida courts have consistently classified sufficient evidence to rebut the presumption in three ways: (1) “an abrupt and arbitrary stop in a place where it could not reasonably be expected or an unexpected” lane change; (2) “a mechanical failure, i.e., sudden brake failure, that causes the rear driver to collide with the lead driver”; and (3) an “illegally and, therefore, unexpectedly stopped” lead vehicle. Alford, 936 So.2d at 649-50.
In this case, it was undisputed that it was both dark and raining at the time of the accident. It was also undisputed that the Faccones’ car was in the left lane of traffic, that the traffic light was green, and that the van travelling in front of Ms. Jiminez abruptly changed lanes. The parties disagreed, however, as to whether the emergency flashers on the Faccones’ vehicle were illuminated. Ms. Jiminez claimed that neither the headlights nor the emergency flashers were on; George Faccone claimed otherwise. Sufficient evidence “fairly and reasonably” tended to show that the Faccones’ vehicle was illegally stopped in the roadway. At a minimum, there was conflicting testimony regarding whether the Faccones’ vehicle was properly illuminated, material to the above. Thus, drawing every reasonable inference in favor of Ms. Jiminez, as we must, disputed issues of material fact existed which should have precluded entry of a summary *625 judgment, and the negligence issue should have been submitted to the jury. See McGill, 59 So.3d at 390; Itiat, 28 So.3d at 141; see also Klipper v. Gov’t Emps. Ins. Co., 622 So.2d 1141, 1143 (Fla. 2d DCA 1993) (reversing and remanding for a new trial where evidence suggested that no one in the lead vehicle attempted to move the disabled car onto a median, signal oncoming traffic, or illuminate the vehicle). The court’s error in granting summary judgment on this issue necessitates not only a reversal of the summary judgment but remand for a new trial.
Ms. Jiminez also appeals the grant of summary judgment wherein the court found that Florida’s permanent injury threshold defense was unavailable to her. Again, our standard of review is de novo. Auto-Owners Ins. Co. v. Above All Roofing, LLC, 924 So.2d 842, 843 (Fla. 2d DCA 2006) (“In reviewing the trial court’s ruling on a motion for summary judgment, we apply a de novo standard. Similarly, the trial court’s interpretation of an insurance policy to determine coverage is a matter of law also subject to our de novo review.” (citations omitted)).
At the time of the accident, Ms. Jiminez had been in Florida for two weeks, having recently taken a job in the state. As the magistrate correctly found, and the trial court adopted, there were no disputed issues of material fact. However, the magistrate and the trial court erred as a matter of law in finding that Ms. Jiminez’s Illinois automobile insurance policy did not provide the coverage required by Florida’s no-fault laws.
As part of her defense, Ms. Jiminez claimed that she was entitled to argue that the Faccones had not sustained the necessary threshold injuries for them to recover noneconomic damages “for pain, .suffering, mental anguish, and inconvenience” under section 627.737(2). Pursuant to section 627.737(2), a part of Florida’s no-fault laws, a plaintiff may not recover noneco-nomic damages from an “owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405” unless the claimed injury or disease is: “(a) Significant and permanent loss of an important bodily function[;] (b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement[;] (c) Significant and permanent scarring or disfigurement[;] [or] (d) Death.”
Ms. Jiminez, as a statutory nonresident, see section 320.01(35), (36), Florida Statutes (1997), became subject to Florida’s no-fault law requirements because she owned and operated a vehicle in the state and was required to register that vehicle. See §§ 320.02(1), 320.37, 320.38. Thus, Ms. Jiminez met the first requirement of section 627.737(2) — as owner and operator of a vehicle on the roads of this state — but she must also have had the necessary security in order to exercise the permanent injury threshold defense.
Section 627.733(1) provides that every vehicle required to be registered in the state must have security in the form of an insurance policy or other authorized method. Ms. Jiminez contends, as she did below, that her Illinois automobile insurance policy provided that security and complied with Florida’s no-fault laws. We agree.
Ms. Jiminez’s Illinois policy provided, in pertinent part:
1. Out-of State Coverage.
If an insured under the liability coverage is in another state or Canada and, as a non-resident, becomes subject to its motor vehicle compulsory insurance, financial responsibility or similar law:
a. the policy will be interpreted to give the coverage required by law;
*626 and
b. the coverage so given replaces any coverage in this policy to the extent required by the law for the insured’s operation, maintenance or use of a car insured under this policy.
Any coverage so extended shall be reduced to the extent other coverage applies to the accident. In no event shall a person collect more than once.
The policy provision in question here is virtually identical to the policy provision discussed by the Fifth District in Meyer v. Hutchinson, 861 So.2d 1185 (Fla. 5th DCA 2003). And as the Meyer court did, we conclude that the language of the provision at issue “incorporates by reference” the laws of Florida without “a voluminous inclusion of the details of laws of all of the other jurisdictions.” Id. at 1188. The provision at issue “simply provides that whatever Florida requires as compulsory insurance or financial responsibility when [Ms. Jiminez] operates, maintains[,] or uses her automobile in Florida, that coverage is provided by the policy.” Id.
Therefore, we conclude that Ms. Jiminez was subject to Florida’s no-fault law and was required to, and did in fact, maintain no-fault insurance coverage through her Illinois policy. She was thus entitled to the permanent injury threshold defense, and the trial court erred as a matter of law in granting the Faccones’ motion for summary judgment. Further, as stipulated to by the parties, the question of whether the Faccones had sustained permanent injuries as a result of the accident was submitted to the jury and answered in the negative. Neither party argues that this stipulation was “obtained by fraud, misrepresentation, or mistake”; thus, it is binding upon the parties. See Johnson v. Johnson, 663 So.2d 663, 665 (Fla. 2d DCA 1995); see also Esch v. Forster, 123 Fla. 905, 168 So. 229, 231-32 (1936); O’Neill v. O’Neill, 812 So.2d 448, 452 (Fla. 5th DCA 2002) (“A court will enforce a stipulation unless good cause is shown, especially where parties have acted in reliance on the stipulation.”). Because the permanent injury threshold defense is available to Ms. Jiminez on remand and the jury has already found that the Faccones did not sustain permanent injuries, this case should be retried on liability and economic damages only. This eliminates the need to address the peculiar and disproportionate consortium awards. See Commercial Clean-Up Enters., Inc. v. Holmquist, 597 So.2d 343, 344-45 (Fla. 2d DCA 1992).
Finally, the court’s award of attorneys’ fees based upon proposals for settlement, as well as the award of prevailing party costs, must also be reversed as a result of the trial court’s errors as to both summary judgment orders.
Accordingly, we reverse and remand for a new trial and for further proceedings consistent with this opinion.
KELLY and CRENSHAW, JJ., Concur.

. Ms. Faccone passed away from an unrelated cause after the accident but before trial. Her estate was properly substituted as a party to the action.