PER CURIAM.
Appellant, Judy Ann Haynes, appeals the Final Judgment entered in favor of Appellee, Universal Property and Casualty Insurance Company, and raises two issues on appeal, only one of which merits discussion. Appellant argues that the trial court erred by granting Appellee’s motion for summary judgment. We agree and, therefore, reverse the Final Judgment.
Appellant insured her home through Ap-pellee. The insurance policy provided for replacement cost coverage for any direct physical loss, unless caused by an enumerated exception. The policy provided in relevant part:
3. Loss Settlement. Covered property losses are settled as follows:
b. Buildings under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:
(1) If, at the time of loss, the amount of insurance in this policy on the damaged building is 80% or more of the full replacement cost of the building immediately before the loss, we will pay the cost to repair or replace, after application of deductible and without deduction for depreciation, but not more than the least of the following amounts:
(a) The limit of liability under this policy that applies to the building;
(b) The replacement cost of that part of the building damaged for like construction and use on the same premises; or
(c) The necessary amount actually spent to repair or replace the damaged building.
In April 2009, while the insurance policy was in full effect, a storm damaged the roof of Appellant’s home. Appellant also claimed damage to the interior of her home. That same month, Appellant hired Leakbusters LLC to make temporary roof repairs. Around late February or early March 2010, Appellant hired a roofer with Masimo Construction, Inc. (Masimo) to inspect her damages. The roofer determined that a full roof replacement was necessary.
Appellant submitted a claim to Appellee, who in turn hired an independent adjuster to inspect Appellant’s home. The adjuster estimated that repairs would cost $4,944.30. Appellee mailed to Appellant a letter with a Proof of Loss Form, dated *653 March 30, 2010. In August 2010, a public insurance adjuster, retained by Appellant, submitted to Appellee a sworn statement in proof of loss and an estimate for $26,511.24 (minus the $1,000 deductible). The public insurance adjuster also requested that Appellee release the undisputed insurance benefits of $8,944.30 (after the deductible). Appellee rejected the public insurance adjuster’s estimate and released the undisputed benefits to Appellant. Ap-pellee’s rejection letter to the public insurance adjuster explained that the public insurance adjuster’s estimate was based on incorrect roof measurements, and advised him that the policy provided for the right to invoke appraisal or mediation, or he could submit additional information. In October 2010, the public insurance adjuster submitted an amended estimate for $34,751.61.
After Appellee failed to adjust the claim or make additional payments, Appellant filed suit for breach of contract against Appellee, seeking $29,807.31 in damages ($34,751.61 minus the $3,944.30 payment already made and the $1,000 deductible). Appellee filed its answer, denying that it breached the insurance contract; that the claimed damages are covered by the insurance policy; that $34,751.61 is the reasonable and necessary cost of repairing, restoring, and replacing the claimed damage; and that Appellant complied with her duties after the loss and with all the policy conditions.
Relevant to this appeal, Appellee filed a Motion for Summary Judgment, asserting, among other things, that it was undisputed that Appellant and Masimo signed a document for roof repair on March 5, 2010, but that the “specifications, property conditions, amount to be charged for repair and the scope of the work was not listed.” Thus, Appellee argued, Appellant failed to provide evidence of damages and breach of contract. After conducting a hearing, the trial court entered an order granting Ap-pellee’s motion for summary judgment. In its order, the trial court found that Appellant “has not submitted any evidence that she hired a general contractor, become contractually obligated to pay for such costs or spent any money for repairs or replacement.” Relying on Trinidad v. Florida Peninsula Insurance Company, 99 So.3d 502 (Fla. 3d DCA 2011), the court concluded in pertinent part as follows:
[ S]he has failed to become contractually obligated to repair the property and has not spent any money to repair the property and seeks recovery on an estimate from an individual who is not a licensed general contractor or roofing contractor. The evidence of record at this point is devoid of any evidence to support Plaintiffs damage claim.
[[Image here]]
As of the pretrial, there is no exhibit to support that Plaintiff has incurred any expenses or obligated herself to do so. Plaintiff has not requested additional time to present a contact [sic] obligating her to replace the roof at any cost and there is just no evidence currently of record to support a jury’s decision as to an amount of damages to replace or repair the roof.
Accordingly, the trial court granted Appel-lee’s motion for summary judgment. Subsequently, the trial court entered a Final Judgment effectuating its prior ruling.
Our standard of review of an order granting a motion for summary judgment is de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Itiat v. Foskey, 28 So.3d 140, 140 (Fla. 1st DCA 2010). A summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a *654 matter of law. Volusia Cnty., 760 So.2d at 130. “[A] party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought....” Itiat, 28 So.3d at 141 (citation omitted).
Section 627.7011(8), Florida Statutes (2008), provides that “[i]n the event of a loss for which a dwelling or personal property is insured on the basis of replacement costs, the insurer shall pay the replacement cost without reservation or holdback of any depreciation in value, whether or not the insured replaces or repairs the dwelling or property.” The Florida Supreme Court recently held that the insurer was not authorized to withhold replacement cost payment until the insured actually incurred the costs. Trinidad v. Fla. Peninsula Ins. Co., 121 So.3d 433, 2013 WL 3333823, at *1 (Fla. July 3, 2013). The court examined the language of section 627.7011, Florida Statutes (2008), considered the legislative intent, and concluded that “it is immaterial in a replacement cost policy whether the damaged structure is replaced or repaired.” Id. at *5. “Instead, the statute requires the insurer in all cases to pay the replacement costs of the covered loss....” Id. at *6. The court also ruled that the parties’ insurance policy did not authorize the insurer to withhold payment until the insured actually incurred the expenses, and that a contrary interpretation of the policy would contravene section 627.7011. Id. at *8. Accordingly, the court quashed the Third District’s decision, which had affirmed the trial court’s entry of summary judgment in favor of the insurer. Id. at *2, *9.
In granting Appellee’s summary judgment motion, the trial court primarily relied on the fact that Appellant neither incurred expenses to repair or replace her roof, nor contracted to do so. The only authority the trial court cited in support of its determination was the Third District’s Trinidad opinion, which the Florida Supreme Court has since quashed. The applicable statutory and insurance policy provisions in this case are identical to those in Trinidad, and in both cases the insurer made a payment to the insured, but refused to pay the entire claim on the ground that the insured had not actually incurred expenses or contracted to repair or replace the damaged property. See Trinidad, 2013 WL 3333823, at *1. Because the Florida Supreme Court held that the insurer is not entitled to withhold replacement cost payments until the insured actually incurs the expenses or enters into a contract, the trial court erred by granting summary judgment in Appellee’s favor on the basis that Appellant did not incur expenses and did not enter into a contract to repair or replace her damaged property.
Accordingly, we REVERSE and REMAND for further proceedings.
LEWIS, C.J., BENTON and WETHERELL, JJ., concur.