SLEET, Judge.
Melanie Whritenour, appointed guardian of William Wolden and parent and legal guardian of Gavin Wolden, appeals an order granting final summary judgment. Because Whritenour was entitled to a jury trial on the issues of negligence and damages, the trial court erred as a matter of law. Accordingly, we reverse.
*872 This case, to our knowledge, involves an unprecedented situation. Thompson, the defendant below, obtained a final summary judgment in favor of Whritenour that compelled Whritenour to accept Thompson’s liability insurance policy limits in full and complete satisfaction of her damages. In doing so, the trial court barred Whritenour from obtaining a jury verdict on the issue of damages because of her perceived inability to prove a subsequent bad faith claim against Thompson’s insurance carrier.
On January 4, 2012, Whritenour brought a negligence action against Thompson that stemmed from a motor vehicle accident that occurred in July 2011. Thompson had bodily injury liability insurance coverage of $300,000. Her insurance company retained defense counsel who filed an answer and defenses and advised Thompson to file for bankruptcy. She was referred to a bankruptcy attorney and on September 11, 2012, Thompson filed for Chapter 7 bankruptcy. Thompson listed Whritenour’s personal injury claim in her bankruptcy petition at a value in excess of one million dollars. On the same day, the bankruptcy court issued an automatic stay pursuant to 11 U.S.C. § 362.
On October 23, 2012, Whritenour filed an emergency motion for relief from the bankruptcy stay in the negligence action. On November 29, 2012, the bankruptcy court granted Whritenour’s motion and modified the automatic stay “to permit [Whritenour] to commence, prosecute, complete^] and liquidate through final judgment, her claims against [Thompson], for the purpose of pursuing [Thompson’s] insurance carrier and not for the purpose of pursuing personal liability against [Thompson].” In addition, the order provided that “in the event that [Whritenour] wants to proceed against the insurance company for an excess judgment, [Whri-tenour] is to file another motion for relief.”
Litigation in the negligence action continued until Thompson filed a motion for summary judgment. At the summary judgment hearing, Thompson’s bankruptcy attorney argued that Thompson had no personal liability and that Whritenour’s maximum recovery was the liability insurance policy limit of $300,000.[1] He argued that the bankruptcy court gave Whriten-our permission to proceed against Thompson in name only to the extent of available insurance coverage. And, undeterred by the lack of sworn evidence, he argued that the bankruptcy trustee did not have any desire to pursue a bad faith claim against the insurance company. Finally, he concluded that Camp v. St. Paul Fire & Marine Insurance Co., 616 So.2d 12 (Fla.1993), authorized a bankruptcy trustee to pursue an action for bad faith against the insurer only if the bad faith action was already pending when the tortfeasor was discharged from bankruptcy. Ultimately, the trial court granted summary judgment in favor of Whritenour for the $300,000 policy limit. The trial court interpreted Camp to hold that Whritenour was not entitled to proceed to a jury determination of the negligence action because she failed to file an action for bad faith prior to Thompson being discharged in bankruptcy and that the policy limits were the maximum recovery.
This court reviews a trial court’s order granting summary judgment de novo. Jiminez v. Faccone, 98 So.3d 621, 623 (Fla. 2d DCA 2012). “A summary judgment deprives a party of his or her right to trial and must be exercised with restraint; any doubts must be resolved in favor of the *873 nonmoving party.” Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla.2003).
Whritenour argues that the viability of her potential action for bad faith is not a legal basis upon which to grant summary judgment in her underlying negligence action. We agree. Whritenour has a right to have a jury decide and liquidate the damages. See art. I, § 22, Fla. Const. Contrary to Thompson’s argument, Camp does not hold that a plaintiffs personal injury damages are limited to the insurance policy limits if the tortfeasor files for bankruptcy and the plaintiff has not established a bad faith action before the tortfea-sor is discharged in bankruptcy. Camp ⅛ precedential value is limited to the extent that Mrs. Camp obtained relief from a bankruptcy stay in order to pursue and recover a jury verdict on damages. 616 So.2d at 14. Mrs. Camp obtained a verdict in excess of the defendant’s policy limits and filed a bad faith action with the defendant’s bankruptcy trustee. Id. The Florida Supreme Court held that the insurance carrier’s liability for bad faith was not extinguished when the insured defendant declared bankruptcy while the underlying personal injury action was pending. Id. at 15.
Whritenour’s negligence action and any potential subsequent bad faith action are two separate and distinct causes of action. The elements of a negligence action are the existence of a duty, a breach of the duty, a causal connection between the conduct and the resulting injury, and actual damages. Jackson Hewitt, Inc. v. Kaman, 100 So.3d 19, 27-28 (Fla. 2d DCA 2011) (citing Clay, 873 So.2d at 1185). Thompson did not argue any of these elements in her summary judgment motion. Instead, the parties’ arguments devolved into the applicability of Camp and whether or not Whritenour could prove a bad faith action against Thompson’s insurance carrier.
Under Florida law, a bad faith action is a separate cause of action that does not arise until an insured is legally obligated to pay an excess judgment. See Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994) (explaining that a third party must ordinarily obtain a judgment against the insured in excess of the policy limits before prosecuting a bad faith claim against the insured’s liability carrier). A plaintiff must first obtain a judgment in a negligence action that determines liability and the amount of resulting damages because that determination is essential to a potential suit against an insurance company for its bad faith in handling a liability claim against its insured. Id. A tortfeasor’s bankruptcy filing and discharge does not change this procedure. The only difference is that the bankruptcy trustee brings the bad faith action against the insurance company. Camp, 616 So.2d at 15. The bankruptcy court’s order granting relief from the stay expressly permitted Whritenour to pursue Thompson’s insurance company in order to prosecute the negligence action through final judgment. There was no express language limiting Whritenour’s recovery to the policy limits and the bankruptcy court’s instruction to file another motion for relief in the event Whritenour wanted to proceed against the insurance company for an excess verdict belies such an interpretation.
We conclude that the viability of a potential bad faith action is not a legal basis that can support granting a summary judgment motion in a negligence case. A plaintiff must be allowed to proceed to trial and liquidate her damages before bad faith becomes an issue. Cunningham, 630 So.2d at 181. If a plaintiff chooses to *874 pursue a trial, the trial court cannot compel her to accept the defendant’s policy limits. A defendant’s discharge in bankruptcy cannot be a legal basis upon which to compel a plaintiff to accept the liability insurance policy limits. If such were the case, every insurance carrier would instruct its insured to declare bankruptcy in order to limit recovery to the policy limits.
For the reasons expressed above, we reverse the order granting summary judgment against the plaintiff and remand the case to the trial court for the determination of the issues of negligence and damages by a jury. Any potential verdict is subject to the provisions of the bankruptcy court order concerning Thompson’s personal liability.
Reversed and remanded with directions.
ALTENBERND and NORTHCUTT, JJ., Concur.

. At oral argument, Thompson argued that liability was admitted. However the record does not reflect an admission of liability. Additionally, there was no sworn testimony filed in support of the motion for summary judgment.